# SICHENZIA ROSS FRIEDMAN FERENCE LLP
### ATTORNEYS AT LAW

January 29, 2013

*Via E-mail and First Class Mail*

Jeffrey G. Kramer, Esq.
DeCotiis, Fitzpatrick, Cole & Wisler, LLP
Glenpointe Center West
500 Frank W. Burr Boulevard, Suite 31
Teaneck, New Jersey 07666

     Re:    Purchase Agreement and Amendment to License Agreement
               Between Big Time Toys, LLC and Transcience Corporation and
               Yolanda von Braunhut, dated as of May 1, 2009 (the "Agreement")

               Notice of Termination

               <u>Response to Notice of Cross-Default</u>

Dear Mr. Kramer:

     I write in response to your letter, dated January 22, 2013 and in furtherance of the January 22, 2013 telephone conference between the parties and counsel.

     Please be advised that Transcience Corporation ("TSC") and Yolanda von Braunhut dispute the contentions raised in your letter. First, it is my clients' position that Big Time Toys, LLC ("BTT") has not fully paid the Initial Purchase Price under the Agreement. BTT was required to make monthly minimum royalty payments of $62,500 to Ms. Braunhut in December 2012 (and thereafter) until BTT paid the sum of $5,000,000. As you know, BTT failed to make the payment due for December 2012, and failed to cure within fifteen (15) days after notice of such default. As a result, my clients exercised their rights under the Agreement and, among other things, terminated the Agreement. Accordingly, my clients deem the Agreement null, void and of no further force or effect.

     Second, it is my understanding that the issues raised by the United States Fish and Wildlife Service and certain European governments have been resolved. Accordingly, such issues do not excuse BTT's failure to make the payments required under the Agreement.

     Third, neither TSC nor Ms. von Braunhut have defaulted in their obligations under the Agreement. Your convenient cross-noticing of a purported default is clearly a manufactured attempt to excuse BTT's failure to make the payments required under the Agreement. Neither TSC nor von Braunhut are in default of any provision of the Agreement or License Agreement. Further, since the parties entered into the Agreement, BTT has never noticed any purported default with to pouch production. Indeed, BTT has inexplicably and without justification failed to pay for a pouch production that it ordered.



61 BROADWAY | NEW YORK, NEW YORK 10006
T 212 930 9700 | F 212 930 9725 | WWW.SRFF.COM

Jeffrey G. Kramer, Esq.
January 29, 2013
Page **2** of **2**

Finally, please be advised that my clients reject your offer to modify the Agreement as discussed during the January 22, 2013 conference call. As discussed above, my clients deem the Agreement terminated.

Notwithstanding, in settlement of the disputes between the parties, my clients are willing to reinstate the Agreement and the License Agreement for all territories, except Australia, on the terms and conditions contained therein (without any modification, except as to territory). Further, based upon your client's new claim with respect to the payment of the Initial Purchase Price, my clients would also require that BTT concede that the payments for BTT's purchase of pouches are not credited against the Initial Purchase Price and that the $5,000,000 Initial Purchase Price has not been paid, as well as cure its default in the payment of the minimum royalty for December 2012 and January 2013.

Alternatively, my clients would be willing to entertain an offer of a new license agreement that provides for a reduced royalty for a reduced geographic territory, or for a reduction in the properties and/or rights licensed.

This letter is without prejudice to, and shall not construed as a waiver of, any and all of TSC and Ms. von Braunhut's rights and remedies under the Agreement, the License Agreement, or otherwise, at law or in equity, all of which are expressly reserved.

Please call if you have any questions, or if you wish to discuss this matter further.

Sincerely,

Christopher P. Milazzo

cc::    Yolanda von Braunhut