## 15 USC §1117

## Recovery for violation of rights; profits, damages and costs; attorney fees; treble damages

(a)     When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 43(a) or (d) [15 USC 1125(a) or (d)], or a willful violation under section 43(c) [15 USC 1125(c)], shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 29 and 32 [15 USC § §1111, 1114], and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

(b)     In assessing damages under subsection (a), the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever is greater, together with a reasonable attorney's fee, in the case of any violation of section 32(1)(a) of this Act (15 U.S.C. 1114(1)(a)) or section 220506 of title 36, United States Code, that consists of intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark (as defined in section 34(d) of this Act (15 U.S.C. 1116(d)), in connection with the sale, offering for sale, or distribution of goods or services. In such cases, the court may in its discretion award prejudgment interest on such amount at an annual interest rate established under section 6621(a)(2) of the Internal Revenue Code of 1986 [26 USC §6621(a)(2)], commencing on the date of the service of the claimant's pleadings setting forth the claim for such entry and ending on the date such entry is made, or for such shorter time as the court deems appropriate.

(c)     In a case involving the use of a counterfeit mark (as defined in section 34(d) (15 U.S.C. 1116(d)) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of--

(1) not less than $ 500 or more than $ 100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

(2) if the court finds that the use of the counterfeit mark was willful, not more than $ 1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

(d)     In a case involving a violation of section 43(d)(1) [15 USC 1125(d)(1)], the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $ 1,000 and not more than $ 100,000 per domain name, as the court considers just.

(e)     In the case of a violation referred to in this section, it shall be a rebuttable presumption that the violation is willful for purposes of determining relief if the violator, or a person acting in concert with the violator, knowingly provided or knowingly caused to be provided materially false contact information to a domain name registrar, domain name registry, or other domain name registration authority in registering, maintaining, or renewing a domain name used in connection with the violation. Nothing in this subsection limits what may be considered a willful violation under this section.