UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
```
TRANSCIENCE CORPORATION &      )    Civil Action No. 13 CV 6642
YOLANDA VON BRAUNHUT           )
(individual),                  )
                               )
            Plaintiffs,        )
                               )
-against-                      )
                               )
                               )
BIG TIME TOYS, LLC,            )
                               )
            Defendant.         )
```
------------------------------------------------------------x

---

### DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT

---

Of Counsel and on the Brief:

    John A. Stone, Esq.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .............................................. ii

INTRODUCTORY STATEMENT ............................................. 1

4. The lack of an alternate forum to redress Plaintiffs' severe and ongoing injury by the unclean hands of the Defendant. ..................................................... 1

Counter Position to Point II ...................................... 2

CONCLUSION ........................................................ 3

**TABLE OF AUTHORITIES**

Page

**Cases**

Alzheimer's Disease Resource Center, Inc. v. Alzheimer's
  Disease And Related Disorders Association, Inc.,
  2013 WL 596078, *10 (E.D.N.Y. 2013) ........................... 2

Avalon International Trading Corp. v. GST Receivables Management
  Corp.,
  220 A.D.2d 248, 632 N.Y.S.2d 95 (A.D. 1st Dept. 1995) ......... 1

Durham Industries, Inc. v. North River Ins. Co.,
  673 F.2d 37 (2d Cir. 1982) .................................... 2

M'Baye v. World Boxing Ass'n,
  2007 WL 844552 (S.D.N.Y. 2007) ................................ 2

Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery
  Workers Union,
  430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977) ........... 1

Rocanova v. Equitable Life Assurance Soc'y of the United States,
  83 N.Y.2d 603, 612 N.Y.S.2d 339, 634 N.E.2d 940 (1994) ....... 2

Schwartz v. Victory Container Corp.,
  294 F.Supp. 866 (S.D.N.Y.1969) ................................ 3

Union Bank, N.A. v. CBS Corporation,
  2009 WL 1675087 (S.D.N.Y. 2009) ............................... 2

**INTRODUCTORY STATEMENT**

Defendant Big Time Toys, LLC ("BTT") hereby replies to plaintiffs' "Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss," dated March 4, 2014 ("Plaintiffs' Brief"). For convenience, we have followed the headings in Plaintiffs' Brief.

### 4. The lack of an alternate forum to redress Plaintiffs' severe and ongoing injury by the unclean hands of the Defendant.

Plaintiffs' Brief, on page 9, asserts that plaintiffs are not eligible for arbitration because the agreements between the parties were terminated. We disagree. It is clear under New York law that a dispute resolution provision in a contract will survive its termination. Nolde Bros., Inc. v Local No. 358, Bakery & Confectionery Workers Union, 430 U.S. 243, 250-51, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977) ("matters and disputes arising out of the relation governed by contract" are subject to arbitration even after the contract expires); Avalon International Trading Corp. v. GST Receivables Management Corp., 220 A.D.2d 248, 632 N.Y.S.2d 95 (A.D. 1st Dept. 1995) ("claim that the obligation to arbitrate did not survive" "termination of the contract" was "without merit" because the "issue of termination of a contract is itself arbitrable under a broad

arbitration clause and the arbitrator is free to determine damages under such a terminated contract").

**Counter Position to Point II**

Plaintiffs' Brief, on page 10, asserts that "the claims of unjust enrichment, quasi-contract, and breach of the duty of good faith and fair dealing do allow for the assessment and recovery of punitive damages." Again, we disagree. It is clear under New York law that punitive damages are not recoverable under such causes of action. Alzheimer's Disease Resource Center, Inc. v. Alzheimer's Disease And Related Disorders Association, Inc., ___ F. Supp.2d ___, 2013 WL 596078, *10 (E.D.N.Y. 2013) ("Punitive damages are inappropriate with respect to a claim of unjust enrichment"); M'Baye v. World Boxing Ass'n, 2007 WL 844552, *5 (S.D.N.Y. 2007) ("New York does not allow punitive damages for unjust enrichment claims"); Union Bank, N.A. v. CBS Corporation, 2009 WL 1675087, *6 (S.D.N.Y. 2009)("Punitive damages are not generally available for breach of contract or quasi-contract); Durham Industries, Inc. v. North River Ins. Co., 673 F.2d 37, 41 (2d Cir. 1982)(reasoning that punitive damages are not available for breach of the implied duty of good faith and fair dealing)"). See also, Rocanova v. Equitable Life Assurance Soc'y of the United States, 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339, 634 N.E.2d 940 (1994) ("Punitive

damages are not recoverable for an ordinary breach of contract" absent "egregious tortious conduct" that "was part of a pattern of similar conduct directed at the public generally"); Schwartz v. Victory Container Corp., 294 F.Supp. 866, 868 (S.D.N.Y.1969) ("As a general rule, in the absence of statutory authority, exemplary damages are not recoverable in actions for breach of contract, irrespective of motive on the part of defendant which prompted the breach;" citation omitted).

## CONCLUSION

Defendant's Motion to dismiss plaintiff's Amended Complaint should be granted.

**DeCOTIIS, FITZPATRICK & COLE, LLP**

*Attorneys for Defendant*
*Big Time Toys, LLC*

By: _____
        JOHN A. STONE, ESQ.

Dated: March 11, 2014