UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x
:
TRANSCIENCE CORPORATION &                 :
YOLANDA VON BRAUNHUT (individual)         :
                Plaintiffs        :
:
     -against-                            :     Index No.:     13 CV 6642
:
:
BIG TIME TOYS, LLC                        :
                Defendant.       :
_____x

**PLAINTIFFS' SECOND REPLY MEMORANDUM of LAW in OPPOSITION to
DEFENDANT'S MOTION to DISMISS**

**Introductory Statement**

    The Plaintiffs hereby respond to the Defendant's Reply Memorandum of Law in Support of Defendant's Motion to Dismiss the Amended Complaint dated **March 11th** and in particular to how the Defendant addresses the issue of the lack of an alternate forum to redress the Plaintiffs' severe and ongoing injury by the unclean hands of the Defendant.

    4.    **The lack of an alternate forum to redress Plaintiffs' severe and ongoing injury by the unclean hands of the Defendant.**

    The Defendant sets forth the notion that it believes that the Plaintiffs are eligible for arbitration even though "the agreements between the parties were terminated". The Defendant then proceeds to cite cases under New York law in support of the notion that an arbitration provision in a contract will survive the contracts termination.[1 & 2]

---

[1] *Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionary Workers Union*, 430 US 243, 250-51, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977)

[2] *Avalon International Trading Corp. v. GST Receivables Management Corp.*, 220 A.D.2d 248, 632 N.Y.S.2d 95 (A.D. 1st Dept. 1995)

What the Defendant fails to note or contrast against, however, is the sequence of events that have led us to where we are now today. The Defendant mischaracterizes the current action as some sort of legitimate civil disagreement between two former contracting parties. Nothing could be further from the truth. The Defendant has used, and is using, its more stable and financially advantageous position in an attempt to impose unfair terms on the Plaintiffs.

As noted throughout, the Defendant clearly breached the terms of the contract by non-performance of its payment obligation. The Plaintiffs clearly terminated the contract in complete conformity with the terms of contract. The Plaintiffs do not dispute that the contract was breached or that the contract was in fact terminated. There is nothing from the perspective of the Plaintiffs for an arbitrator to adjudicate. Upon such clear and unequivocal breach and subsequent termination the burden of initiating arbitration clearly falls on the party contesting such termination. The Defendant, however, chose NOT to arbitrate and elected instead to continue profiting from the Plaintiffs' intellectual property without consent, permission, cause, or right to do so.

It may well be that the Defendant itself now wishes to resurrect the issue of the termination of the agreement between the parties and to adjudicate via arbitration the viability of its defenses to termination. However, as shown all throughout, the *force majeure* argument fails to survive the merger into the "we already paid in full" argument and the "we already paid in full" argument fails upon a plain reading of the agreement between the parties. At this point, should the current action survive (by a combination of non-dismissal in favor of the Plaintiffs & non-consolidation and advancement of the trial on the merits in favor of the Defendant) the Court would be hard pressed to justify removing the case to arbitration simply because there is no *bona fide* issue of fact for a trier of fact to adjudicate.

The Plaintiffs have been cut off from their primary source of sustenance for what is now 16 months. The Defendant would like nothing more than to further delay the steady but slow progression of *Justice*. Unfortunately, the bully tactics of the Defendant may yet pay off as the Plaintiffs are starved one step closer toward extinction with each and every passing day.

## Conclusion

For the foregoing reasons, in conjunction with all the reasons set forth previously in prior submissions to the Court, the Defendant's Motion to Dismiss should be DENIED.

Respectfully Submitted,

By: *s/ William Timmons*
William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
 (631) 750-5980

Attorneys for Plaintiffs
TRANSCIENCE CORPORATION &YOLANDA VON BRAUNHUT

Dated:  March 11, 2014

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____x
:
TRANSCIENCE CORPORATION & :
YOLANDA VON BRAUNHUT (individual) :
                               Plaintiffs    :     Index No.:    13 CV 6642
:
      -against-                         :
:     **CERTIFICATE OF SERVICE**
:
BIG TIME TOYS, LLC :
                            Defendant.  :
_____x

## CERTIFICATE OF SERVICE

I hereby certify that on March 11th of the year 2014, I caused a true and correct copy of **Plaintiffs' Second Reply Memorandum of Law in Opposition to Defendant's Motion to Dismiss** to be filed with the Clerk of the Court using the CM//ECF system, and have sent via FAX a true and correct copy of said **Plaintiffs' Second Reply Memorandum of Law in Opposition to Defendant's Motion to Dismiss** to the Defendant's counsel of record located at the following address:

Dakotiis, Fizpatrick & Cole
Attn:  John A. Stone & Jeffrey G. Kramer
Glenpointe Centre West
500 Frank W. Burr Boulevard, Ste.31
Teaneck, NJ 07666
FAX:  (201) 928-0588


Respectfully Submitted,


By: _s/ William Timmons_
William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
 (631) 750-5980

Attorneys for Plaintiffs
TRANSCIENCE CORPORATION &YOLANDA VON BRAUNHUT

Dated:  March 11, 2014