UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x
:
TRANSCIENCE CORPORATION &                   :
YOLANDA VON BRAUNHUT (individual)           :
                    Plaintiffs      :
:
    -against-                             :  Index No.:   13 CV 6642
:
:
BIG TIME TOYS, LLC                          :
                    Defendant.      :
_____x

### PLAINTIFFS' ADDENDUM SUBMISSION in SUPPORT of the GRANT of a PRELIMINARY INJUNCTION

### New Evidence

Evidence has recently been discovered by the Plaintiffs indicating that the Defendant is selling items of Plaintiffs' Sea-Monkeys® product line with either: 1) false or misleading statements printed onto the packaging or 2) is actually counterfeiting the Plaintiffs' trade secreted Sea-Monkeys® pouches.

On March 28th 2014 a long time customer of the *Transcience Corporation*, named Thomas Vaccina, happened across Sea-Monkeys® products for sale in a *Hobbytown USA* store located in Duluth, Georgia. The packaging of the Sea-Monkeys® product that he came across contained on it the words "**POUCHES AND POUCH CONTENTS MADE IN CHINA**". (**see attached Affidavit of Yolanda von Braunhut [4-9-14] and Exhibits Aa & Bb**) While the Defendant *Big Time Toys, LLC* was previously entitled, via the now terminated licensing agreement between the parties, to manufacture the packaging and most of the component parts of the Sea-Monkeys® product the Defendant was **NEVER** entitled to manufacture the trade secreted pouches or the pouch contents.

This of course represents the latest chapter in the refusal of the Defendant to let go of that to which it no longer has any claim and to fully account for its unjust enrichment at the expense of the Plaintiffs. The attached affidavit of Yolanda von Braunhut (with its accompanying exhibits) speaks for itself.

As noted in an exhibit attached to the affidavit of Mr. James O'Rourke previously submitted to the Court (Case 1:13-cv-06642-ER Document 25 Filed 03/04/14 Page 11 of 16) Mr. O'Rourke details in an email sent to an officer of the *Transcience Corporation* on November 27th 2012 that,

> "If necessary I am prepared to propose to BTT to source the pouches in China using standard Artemia eggs which are plentiful and sort the rest out with you later."

This statement is counter intuitive on its face and is revealing of the indefensible and reprehensible posture of the Defendant as demonstrated all throughout.

First off, due to the context of the involvement of the US Fish and Wildlife Service (**USFWS**) wherein shortly thereafter the statement by Mr. O'Rourke was made, how would the **USFWS's** concerns be placated if the pouches and pouch contents were manufactured in China? The pouches and the pouch contents were *always* manufactured in the **USA** by the *Transcience Corporation*. The **USFWS** is empowered by the US government to prevent foreign non-native species from establishing a presence on US territory. To produce the pouch and pouch contents in China would in fact create a legitimate basis for an investigation by the **USFWS.** The Plaintiffs will set forth at trial that the false **USFWS** flag[1] conjured up by the Defendant was little more than a devious attempt by the Defendant to put pressure on the Plaintiffs to change the terms of the agreement between the parties to terms more favorable to the Defendant.

Secondly, it must be noted that the Defendant had taken no legal action to demand that the escrow holders in New York City (namely Sichenzia Ross Friedman Ference, LLP) turn over the

---

[1] The Defendants have held out that the **USFWS** issue was no longer an issue as soon as January of 2013.

trade secret formula to the Defendant after what the Defendant now claims (albeit facetiously) to be complete performance of its part.  If the Defendant had a justifiable position it would have demanded expedient adjudication and clarity relative to the issue of the trade secret formula; even more so since Mr. O'Rourke was in full contemplation and awareness of the issue as early as November of 2012.

One way or the other this new evidence suggests that the Defendant is either: 1) not properly tending to the Sea-Monkeys® product line by including false and misleading statements on the packaging or 2) is brazenly counterfeiting the Plaintiffs' trade secreted Sea-Monkeys® pouches.  If of course, the latter turns out to be true then the case will take a hard turn into a full blown criminal investigation by the US District Attorney's Office.  If the former is true, however, this new evidence indicates that the Defendant is not properly managing the Sea-Monkeys® product.  Certainly, if nothing else, the false information put onto the packaging would invite unnecessary scrutiny by the **USFWS**.  A retail product that is not properly maintained is a product that will lose market presence and market share.  The Plaintiffs assert that this new evidence sheds light on the likelihood that the Defendant is not properly maintaining the Sea-Monkeys® product line and that allowing the Defendant to continue in the Sea-Monkeys® business is likely to visit irreparable harm upon the Sea-Monkeys® product line itself.

## Conclusion

The Plaintiffs' beseech the Court to explore the singular portion of the contractual agreement between the parties upon which the Defendant bases its entire defense.  This is of course the final 2 sentences attached to Paragraph 2.2 on page 4 of the 2009 Purchase Agreement and Amendment to License Agreement (as part of the record).  The Plaintiffs maintain that a fair contextual reading of this portion of the agreement will render as baseless the Defendant's sole

defense that it somehow miraculously paid in full. After all, 4,500,000 plus 500,000 equals 5,000,000 every time. The Defendant requires a different and incorrect mathematical result to continue with this lawsuit.

The Plaintiffs' request that the Defendant be mandated to compensate the Plaintiffs in the form of the full measure of the Defendant's profit from the Sea-Monkeys® product line since the date of Defendant's breach on December 10th 2012. Furthermore the Plaintiffs' respectfully request that the measure of damages be tripled in conformity with provisions of the Lanham Act, namely 15 U.S. Code § 1117 - *Recovery for Violation of Rights*, to punish the Defendant for its uncivil and misrepresentative conduct as demonstrated throughout.

As noted, the Defendant clearly breached the terms of the agreement between the parties by non-performance of its payment obligation in December of 2012. The Plaintiffs clearly terminated the agreement pursuant to the terms of the agreement. Still the Defendant shamelessly continues to misappropriate the Plaintiffs' property. As noted throughout, there is no *bona fide* issue of fact in dispute in this action.

## **Conclusion**

For all the foregoing reasons, in conjunction with all the reasons set forth previously in prior submissions to the Court, the Plaintiffs request that a preliminary injunction be GRANTED in favor of the Plaintiffs and any such other relief as the Court should deem just and proper.


Respectfully Submitted,

By: *s/ William Timmons*
William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
(631) 750-5980

Attorneys for Plaintiffs
TRANSCIENCE CORPORATION &YOLANDA VON BRAUNHUT

Dated:  April 14, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x
                                            :
TRANSCIENCE CORPORATION &                   :
YOLANDA VON BRAUNHUT (individual)           :
                          Plaintiffs        :     Index No.:    13 CV 6642
                                            :
            -against-                       :
                                            :     **CERTIFICATE OF SERVICE**
                                            :
BIG TIME TOYS, LLC                          :
                          Defendant.        :
_____x

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14th of the year 2014, I caused a true and correct copy of **Plaintiffs' Addendum Submission in Support of the Grant of a Preliminary Injunction** to be filed with the Clerk of the Court using the CM//ECF system, and have sent via FAX a true and correct copy of said **Plaintiffs' Addendum Submission in Support of the Grant of a Preliminary Injunction** to the Defendant's counsel of record located at the following address:

Dakotiis, Fizpatrick & Cole
Attn:  John A. Stone & Jeffrey G. Kramer
Glenpointe Centre West
500 Frank W. Burr Boulevard, Ste.31
Teaneck, NJ 07666
FAX:  (201) 928-0588


Respectfully Submitted,


By: *s/ William Timmons*
William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
(631) 750-5980

Attorneys for Plaintiffs
TRANSCIENCE CORPORATION &YOLANDA VON BRAUNHUT

Dated:  April 14, 2014