

**DECOTIIS**
DeCotiis, FitzPatrick & Cole, LLP

**OFFICE**
GLENPOINTE CENTRE WEST
500 FRANK W. BURR BLVD. SUITE 31
TEANECK, NEW JERSEY 07666
T: 201.928.1100   F: 201.928.0588
WWW.DECOTIISLAW.COM

**DIRECT**
JEFFREY G. KRAMER, ESQ.
JKRAMER@DECOTIISLAW.COM
201.907.5234

January 22, 2013

Yolanda von Braunhut
Transcience Corporation
6200 Chapmans Landing Road
Indian Head, MD 20640-3040
Attn.: Chief Executive Officer

Sichenzia Ross Friedman Ference LLP
61 Broadway, 32nd Floor
New York, NY 10006
Attn: Michael H. Ference, Esq.

    Re:    Purchase Agreement and Amendment to License Agreement, dated as of May 1, 2009, by and among Big Time Toys, LLC, Yolanda von Braunhut, Transcience Corporation and Sichenzia Ross Friedman Ference LLP (the "Amendment"), which amended a License Agreement, dated June 26, 2007 (the "Agreement")

           Notice of Cross Default

           Notice of Objection Pursuant to Section 19(c) of the Amendment

Dear Ms. von Braunhut and Mr. Ference:

    We are responding on behalf of Big Time Toys LLC ("BTT") to letters from Sichenzia Ross Friedman Ference LLP, dated December 20, 2012 and January 18, 2013, in connection with the above matter (the "Letters").

    BTT has reviewed the assertions in the Letters and disagrees that any default under the Amendment or Agreement has occurred. We call to your attention Section 2.2(a) of the Amendment, which provides "All payments hereunder and under the License Agreement, including the Minimum Royalty, shall be a nonrefundable advance against any amounts due to Transcience and YvB. **It is expressly agreed that all such payments due on and after the Effective Date shall be applied to the payment of the Purchase Price.**" (Emphasis added). According to BTT's records, payments made by BTT to Ms. von Braunhut from May 1, 2009 through November 30, 2012 total in excess of the Initial Purchase Price of $5,000,000. We



further call to your attention that recent actions taken by the United States Fish and Wildlife Service, as well as foreign governments, with respect to pouches supplied by Transcience Corporation, materially adversely affected BTT's ability to market and sell the products in certain markets. Such acts, we believe, constitute a force majeure of the type described in Section 20.G. of the Agreement and give rise to other defenses. Accordingly, it is BTT's position that no default has occurred.

We further call to your attention that Transcience Corporation and Yolanda von Braunhut have chronically failed to comply with the Amendment, particularly Section 5(c), with respect to the supply of pouches to BTT. Such failure constitutes a default under the Amendment.

Finally, although no notice has been provided by Transcience Corporation or Yolanda von Braunhut, this letter shall serve as BTT's Notice of Objection pursuant to Section 19(c) of the Amendment.

We trust you understand that BTT disputes that the Amendment and Agreement have been terminated and that you will be guided accordingly.

This letter is without prejudice to, and is not a waiver of, any and all of BTT's rights and remedies under the Amendment and/or the Agreement, or otherwise, at law or in equity, all of which are expressly reserved.

If you have any questions concerning the enclosed, please feel free to contact me.

Sincerely,

*Jeffrey G. Kramer*

Jeffrey G. Kramer

05-216.3 1524445.1