**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————x
 :
TRANSCIENCE CORPORATION &  :
YOLANDA VON BRAUNHUT (individual)  :
                              Plaintiffs  :        Index No.:     13 CV 6642
 :
          -against-  :        **PLAINTIFFS' ANSWER**
 :        **to DEFENDANT'S**
 :        **COUNTERCLAIM and**
BIG TIME TOYS, LLC  :        **AFFIRMATIVE DEFENSES**
                              Defendant.  :
————————————————————————x

     Plaintiffs Transcience Corporation & Yolanda von Braunhut (herein "Plaintiffs") by and through counsel hereby respectfully ANSWER the counterclaim set forth in Defendant Big Time Toys (herein "Defendant") ANSWER to Plaintiffs 2nd Amended Complaint and says as follows:

<u>**DEMAND FOR INJUNCTIVE RELIEF and CLAIM FOR MONEY DAMAGES**</u>

     Plaintiffs' 2nd Amended Complaint speaks for itself with respect to the relief sought by Plaintiffs.  Defendant's Counterclaim to such speaks for itself and Plaintiffs aver that the Defendant is not entitled to any such relief.

<u>**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS**</u>

    1.  Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #1.

    2.  Plaintiffs either deny the allegations, deny knowledge sufficient to form a belief as to the truth of the allegations, deny that the Defendant has knowledge sufficient to form a belief as to the truth of the allegations, or assert the privilege of trade secreted information with regard to the allegations set forth in paragraph #2.

    3.  As to the allegations set forth in paragraph #3 the agreement referenced speaks for itself.

4. As to the allegations set forth in paragraph #4 the agreement referenced speaks for itself.

5. Plaintiffs deny there is any agreement still in place between the parties and also deny knowledge sufficient to form a belief as to the truth of the other allegations set forth in paragraph #5.

6. As to the allegations set forth in paragraph #6 the agreement referenced speaks for itself.

7. As to the allegations set forth in paragraph #7 the agreement referenced speaks for itself.

8. As to the allegations set forth in paragraph #8 the agreement referenced speaks for itself.

9. As to the allegations set forth in paragraph #9 the agreement referenced speaks for itself.

10. As to the allegations set forth in paragraph #10 the agreement referenced speaks for itself.

11. Plaintiffs deny the allegations set forth in paragraph #11.

12. As to the allegations set forth in paragraph #12 the agreement referenced speaks for itself.

13. As to the allegations set forth in paragraph #13 the agreement referenced speaks for itself.

14. As to the allegations set forth in paragraph #14 the agreement referenced speaks for itself.

15. As to the allegations set forth in paragraph #15 the agreement referenced speaks for

itself.

16.  As to the allegations set forth in paragraph #16 the agreement referenced speaks for itself.

17.  As to the allegations set forth in paragraph #17 the agreement referenced speaks for itself.

18.  Plaintiffs admit the allegations set forth in paragraph #18.

19.  Plaintiffs admit the first allegation in paragraph #19 and, insofar as the delivery due date is a product of the first allegation, deny the second allegation.

20.  Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #20.

21.  As to the allegations set forth in paragraph #21 the agreement referenced speaks for itself.

22.  Plaintiffs admit the allegations set forth in paragraph #22 insofar as the Defendant willingly accepted such.

23.  Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #23.

24.  Plaintiffs deny the allegations set forth in paragraph #24.

25.  As to the allegations set forth in paragraph #25 the letter referenced speaks for itself.

26.  As to the allegations set forth in paragraph #26 the transmission referenced speaks for itself.

27.  As to the allegations set forth in paragraph #27 the transmission referenced speaks for itself.

28.  As to the allegations set forth in paragraph #28 the notice(s) referenced speaks for

itself (themselves).

29.  Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #29.

30.  As to the allegations set forth in paragraph #30 the transmission referenced speaks for itself.

31.  Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #31.

32.  As to the allegations set forth in paragraph #32 the agreement referenced speaks for itself.

33.  As to the allegations set forth in paragraph #33 the letter referenced speaks for itself.

34.  Plaintiffs deny the allegations set forth in paragraph #34.

35.  As to the allegations set forth in paragraph #35 Plaintiffs admit that the agreement between the parties was effectively terminated upon proper notice being conferred upon the Defendant.

36.  As to the allegations set forth in paragraph #36 Plaintiffs repeat and reallege each and every answer to the allegations set forth in Defendant's counterclaim and incorporates the same as if set forth fully within.

37.  Plaintiffs deny the allegations set forth in paragraph #37.

38.  As to the allegations set forth in paragraph #38 the agreement referenced speaks for itself.

39.  Plaintiffs deny the allegations set forth in paragraph #39.

## AFFIRMATIVE DEFENSES

1.  Any breaches, if any, by Plaintiffs of the 2007 License Agreement or 2009

Amendment Agreement as alleged by the Defendant are not "material" breaches and are therefore not actionable.

2.  Plaintiffs have cured any, if any, breaches by it to the 2007 License Agreement or 2009 Amendment Agreement as alleged by the Defendant.

3.  Any failure, if any, by the Plaintiffs to comply with their obligations under the 2007 License Agreement or 2009 Amendment Agreement as alleged by the Defendant is due to the Defendant's improper actions, breaches of the 2007 License Agreement or 2009 Amendment Agreement, and bad faith.

4.  The Counterclaim fails to state a claim upon which relief may be granted.

5.  Defendant is barred from receiving any form of equitable relief by the Defendant's unclean hands as demonstrated all throughout.

6.  Defendant's recovery or relief is barred by Defendant's tortuous interference with the Plaintiffs' prospective business and/or contractual relations.

7.  Defendant's recovery or relief is barred by the doctrine of waiver.

8.  Defendant's recovery or relief is barred by the doctrine of laches.

9.  Defendant's recovery or relief is barred by the doctrine of estoppel.

10.  The Defendant's recovery or relief is barred by the Doctrine of Commercial Impracticability.

11.  The Defendant's recovery or relief is barred by the Doctrine of Frustration of Purpose.

12.  Defendant's attempted exercise of contractual remedies is in bad faith and runs contrary to the covenant of good faith and fair dealing.

13.  While the agreement between the parties speaks for itself the Plaintiffs have relied

upon their current and continuing interpretation of the agreement between the parties all throughout the duration of the agreement between the parties.

14.   While denying any allegations made by the Defendant, the Defendant is barred from exercising any contractual remedies because the Plaintiffs' alleged failure to perform its contractual duties complained of are a result of, in whole or in part, Defendant's wrongful conduct and breaches of the 2007 License Agreement and 2009 Amendment Agreement between the parties.

15.   The Plaintiffs have not breached the 2007 License Agreement or 2009 Amendment Agreement.

16.   The Defendant has failed to mitigate its damages.

17.   Defendant's recovery or relief is barred by the doctrine of accord and satisfaction and/or release.

18.   The Defendant has failed to join indispensable parties.

19.   The Defendant's recovery or relief is barred by the Defendant's fraud when procuring the 2007 License Agreement or 2009 Amendment Agreement.

20.   The Defendant's recovery or relief is barred by the Defendant's negligent representation.

21.   The Defendant's recovery or relief is barred by the forthright negotiator principle.

22.   The Defendant's recovery or relief is barred by the doctrine of mutual mistake.

23.   The Defendant's recovery or relief is barred by the Defendant's failure to exercise certain conditions precedent to the exercise of contractual remedies, including but not limited to, the failure of the Defendant to cure the alleged defaults.

24.   The Defendant's recovery or relief is barred by the Economic Loss Doctrine.

25.  The Defendant's recovery or relief is barred by the Doctrine of Avoidable Consequences.

26.  The Defendant's recovery or relief is barred by the Defendant's breach of fiduciary duty.

27.  The Defendant's recovery or relief is barred because the Defendant's damages, if any, were caused by superseding or intervening causes over which the Plaintiffs had and/or have no control.

28.  The Defendant's recovery or relief is barred by the Defendant's negligence.

29.  The Defendant's recovery or relief is barred by set-off.

30.  The Defendant's equitable claims and contract claims are barred by statute and contract because "equity follows the law".

31.  The Defendant's equitable and contract claims are barred because "equity will not be an instrument of injustice".

## DEMAND FOR RELIEF AT LAW

WHEREFORE, the Plaintiff respectfully requests the following relief at law:

(1) Dismissing the Defendant's counterclaim;

(2) Awarding the Plaintiffs the greater of 1) compensatory damages for royalty payments NOT paid in the amount of SIXTY TWO THOUSAND FIVE HUNDRED DOLLARS ($62,500.00 USD) multiplied by the number of months that minimum royalty payments have NOT been paid (beginning on December 10th 2012)[1] **OR** 2) compensatory damages  equaling 20% of Gross sales of monies generated from sale to third parties

---

[1] The amount past due, using the minimum royalty payment as the measure of damages, as of September 10th 2013 is exactly SIX HUNDRED AND TWENTY FIVE THOUSAND DOLLARS (**$625,000.00 USD**).  On October 10th 2013 and on the tenth of every month thereafter this amount will increase incrementally by SIXTY TWO THOUSAND FIVE HUNDRED DOLLARS (**$62,500.00 USD**).

of the previously licensed Sea-Monkeys® product for the period that royalty payments have NOT been paid (beginning on December 10th 2012); for amounts past due pursuant to the now terminated 2007 "License Agreement" and the likewise terminated 2009 "Purchase Agreement and Amendment to License Agreement";

(3) Awarding the Plaintiffs compensatory damages for supplemental laboratory fees NOT paid in the amount of THREE HUNDRED AND SEVENTY FIVE DOLLARS ($375.00 USD) multiplied by the number of weeks that supplemental laboratory fees have NOT been paid (beginning on December 10th 2012)[2] for amounts past due pursuant to the now terminated 2009 "Purchase Agreement and Amendment to License Agreement";

(4) Awarding the Plaintiffs interest thereupon due, in accordance with the now terminated 2007 "License Agreement" and the likewise terminated 2009 "Purchase Agreement and Amendment to License Agreement";

(5) An awarding of statutory damages or actual damages in the form of the full measure of profit obtained by Defendant at Plaintiffs expense at the election of the Plaintiffs, commensurate with interest, from Defendant to Plaintiffs for Defendant's willful and egregiously executed trademark and copyright infringements of Plaintiffs' intellectual property as detailed within this Complaint;

(6) An awarding of damages resultant from Defendant's ongoing tortious interference with Plaintiffs' ability to form and enter into contracts with 3rd parties to profit from its trademarked products or to otherwise mitigate damages that are resultant of the impasse created artificially by Defendant upon which this Compliant is based;

(7) An awarding of punitive damages paid to Plaintiffs by the Defendant, proportional to the degree of Defendant's egregious behavior as determined by the trier of fact, based upon

---

[2] The amount past due as of September 6th 2013 is exactly FOURTEEN THOUSAND SIX HUNDRED AND TWENTY FIVE DOLLARS (**$14,625.00 USD**). Every week thereafter, from 9-6-13 forward, this amount will increase incrementally by THREE HUNDRED AND SEVENTY FIVE DOLLARS (**$375.00 USD**).

Defendant's presentation of deliberate untruth and insincere assertions to create and prolong the current impasse upon which this Compliant is based; and

(8) Awarding the Plaintiffs attorney's fees, costs, and disbursements of this action, and any such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR EQUITABLE RELIEF</u>

WHEREFORE, the Plaintiff respectfully requests the following equitable relief:

(1) The issuance of a permanent injunction by the Court prohibiting any continuing use of Plaintiffs' trademarks or copyrights by the Defendant;

(2) The issuance of an Order of the Court requiring that the Defendant immediately cease selling, marketing, and/or producing any of Plaintiffs' Licensed Products, including but not limited to Sea-Monkeys® Properties;

(3) The issuance of a preliminary injunction by the Court prohibiting any continuing use of Plaintiffs' trademarks or copyrights by the Defendant for the duration of this lawsuit;

(4) The issuance of a preliminary Order of the Court effective for the duration of this lawsuit requiring that the Defendant immediately cease selling, marketing, and/or producing any of Plaintiffs' Licensed Products, including but not limited to Sea-Monkeys® Properties;

(5) The issuance of an Order of the Court requiring that the Defendant immediately return to Plaintiffs any and all unsold product, packets, tooling, packaging materials, and any other thing related to the previously Licensed Products as provided for in the now terminated 2007 "License Agreement" and the likewise terminated 2009 "Purchase Agreement and Amendment to License Agreement";

(6) The issuance of a permanent Order of the Court prohibiting the Defendant from selling, marketing, and/or producing "knock-off" products related to Sea-Monkeys® Properties

as defined in the now terminated 2007 "License Agreement" and the likewise terminated 2009 "Purchase Agreement and Amendment to License Agreement";

(7) Assessing against the Defendant punitive damages, in favor of Plaintiffs, to punish the Defendant for its egregious behavior and uncivil tortious actions which necessitated the bringing of this lawsuit;

(8) Awarding the Plaintiffs attorney's fees, costs, and disbursements of this action, and any such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38 Plaintiffs hereby demand a trial by jury on any issue triable of right by a jury.

Respectfully Submitted,

By: _s/ William Timmons_
William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
 (631) 750-5980

Attorneys for Plaintiffs
TRANSCIENCE CORPORATION &YOLANDA VON BRAUNHUT

Dated:  January 6, 2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————x
                                       :

TRANSCIENCE CORPORATION &     :
YOLANDA VON BRAUNHUT (individual)   :
                          Plaintiffs   :     Index No.:     13 CV 6642
                                         :
           -against-                 :     **PLAINTIFFS' ANSWER**
                                       :     **to DEFENDANT'S**
                                       :     **COUNTERCLAIM and**
BIG TIME TOYS, LLC                :     **AFFIRMATIVE DEFENSES**
                         Defendant.   :
————————————————————x

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 6, 2015, I caused a true and correct copy of
**PLAINTIFFS' ANSWER to DEFENDANT'S COUNTERCLAIM and AFFIRMATIVE
DEFENSES** and accompanying materials to be posted on the electronic filing system (ECF) of
the United States District Court for the Southern District of New York (SDNY.

Respectfully Submitted,

By:

 *s/William Timmons*
William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
 (631) 750-5980

Attorneys for Plaintiffs
TRANSCIENCE CORPORATION &             :
YOLANDA VON BRAUNHUT

Dated:  January 6, 2015