UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TRANSCIENCE CORPORATION and YOLANDA :
VON BRAUNHUT,
                                  Plaintiff,                :      13-CV-6642 (ER)

                 - against -                         :

BIG TIME TOYS, LLC,
                                Defendant.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER TO ASSERT ADDITIONAL COUNTERCLAIMS AND TO DISMISS THE CLAIMS OF TRANSCIENCE CORPORATION

Anthony J. Laura, Esq.
alaura@ebglaw.com
Jeffrey G. Kramer, Esq. (*pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
One Gateway Center, 13th Floor
Newark, NJ 07102
(973) 642-1900
*Attorneys for Defendant*
*Big Time Toys, LLC*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................... ii

BRIEF FACTUAL SUMMARY ............................................................................................... 1

ARGUMENT .............................................................................................................................. 5

I.   LEAVE TO AMEND SHOULD BE GRANTED................................................................ 5

II.  DISMISSAL OF TRANSCIENCE CORP.'S
     CLAIMS IS WARRANTED ............................................................................................... 7

CONCLUSION ........................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Dual, Inc. v. Lockheed Martin Corp.*,
   383 Md. 151, 857 A.2d 1095 (2004) ........................................................................................8

*Foman v. Davis*,
   371 U.S. 178 (1962) .................................................................................................................5

*Milanese v. Rust-Oleum Corp.*,
   244 F.3d 104 (2d Cir. 2001) .....................................................................................................5

**Statutes**

Md. Code Ann., Corps. & Ass'ns § 3-503(d) ..................................................................................8

Md. Code Ann., Corps. & Ass'ns § 3-515(a) ..................................................................................8

Md. Code Ann., Corps. & Ass'ns § 3-515(c)(3) ..............................................................................8

**Other Authorities**

Fed. R. Civ. P. 15(a)(2) ...................................................................................................................5

Defendant, Big Time Toys, LLC ("BTT"), moves this Court for the entry of an Order (i) granting BTT leave to amend its Answer to assert additional counterclaims, in substantially the form appended as Exhibit 1 to the Declaration of Anthony J. Laura ("Laura Decl."), and (ii) dismissing the claims asserted in this case by plaintiff Transcience Corporation.

At the close of written discovery in this matter, Plaintiffs produced a haphazard collection of documents, among which were documents raising the suspicion that, at the time the parties entered into the agreements at issue in this action, Plaintiffs did not own the trademarks which were the primary subjects of those agreements. After further diligent investigation, BTT confirmed those suspicions, and now seeks to assert counterclaims against Plaintiffs for fraud in the inducement and further breach of the warranties and representations Plaintiffs made in those agreements. Leave to amend is to be freely given, and the assertion of these claims will not unduly delay this action.

BTT also seeks a dismissal of all claims asserted against it in this action by Transcience Corporation, whose proper corporate name is "Transcience Corp." BTT has recently learned that in October of 2012, Transcience Corp., a Maryland corporation, forfeited its corporate charter for failure to make requisite corporate tax filings in Maryland. The charter remained revoked at the time Transcience Corp. commenced this action in September of 2013, and remains revoked still today. As such, Transcience Corp. has no legal ability to have brought or maintain its affirmative claims against BTT, and Transcience Corp.'s claims must be dismissed.

**BRIEF FACTUAL SUMMARY**

Plaintiffs and BTT entered into a License Agreement, dated June 26, 2007 ("License Agreement"), and then a Purchase Agreement and Amendment to License Agreement, executed

May 25, 2010 ("Purchase Agreement").  The Purchase Agreement, among other things, memorialized BTT's exercise of its option to purchase the properties comprising the "Sea Monkeys" business.  Appended to the License Agreement, and reaffirmed in the Purchase Agreement, is an Exhibit B purporting to list all of the trademarks and trademark registrations owned by Plaintiffs at the time those agreements were entered into.  More specifically, Exhibit B:  (a) contains 3 schedules, entitled "Transcience Corporation–Due Date List", "Transcience Corporation–Status Report" and "Transcience Corporation-Docket"; (b) lists 6 trademarks – (i) Sea Monkeys, (ii) Ocean Zoo, (iii) Hatched Egg Design, (iv) Instant Life, (v) Instant Pets and (vi) TC & Design (collectively, the "Trademarks"); and (c) shows registrations in 15 countries (including the European Union), totaling about 22 separate registrations.  The ownership of the Trademarks by Plaintiffs, and valid registrations of them, for practical purposes worldwide, was material to BTT and was central to the License Agreement and Purchase Agreement.

On November 20, 2015, Plaintiffs provided certain documents in response to BTT's discovery requests.  While incomplete and disorganized, certain of the documents pertained to the history of ownership of the trademarks and corporate existence of "Transcience Corporation."  Those documents showed incompatible and irreconcilable Trademark ownership scenarios, triggering a further investigation by BTT.  The investigation revealed that on February 11, 1970, Harold Braunhut (a/k/a Harold von Braunhut) caused a New York corporation to be formed by the name of "Transcience Corporation" ("Transcience Corporation-NY") to conduct the Sea Monkeys business.  Prior to 1989, Transcience Corporation-NY purported to own all of the Trademarks.  The documents further showed that on June 20, 1989, Harold von Braunhut caused Transcience Corporation-NY to assign 3 of the Trademarks (Sea Monkeys, Ocean Zoo

2

and Hatched Egg Design) to himself. The other 3 trademarks (Instant Life, Instant Pets and TC & Design), as well as foreign registrations for the trademark Sea Monkeys, remained in the name of Transcience Corporation-NY (although it appears that some foreign registrations of the Sea Monkeys trademark may have been in the name of Harold von Braunhut).

According to the Division of Corporations of the New York Department of State, Transcience Corporation-NY was dissolved on December 24, 1991. Nonetheless, after December 24, 1991, U.S. trademark renewals and filings for Instant Life, Instant Pets and TC & Design continued to be made, including by or at the direction of Plaintiffs, in the name of the dissolved Transcience Corporation-NY. Also, foreign trademark renewals and filings for the Sea Monkeys trademark continued to be made, including by or at the direction of Plaintiffs, in the name of the dissolved Transcience Corporation-NY or Harold von Braunhut. On May 5, 2003, Harold von Braunhut caused a Maryland corporation to be formed under a deceptively similar name - "Transcience Corp." ("Transcience Corp.-MD"). Harold died shortly thereafter, on November 28, 2003.

At the time the License Agreement between Plaintiffs and BTT was executed on June 26, 2007, neither Plaintiff owned any of the Trademarks or registrations. The defunct Transcience Corporation-NY, or the estate of the then deceased Harold von Braunhut, were the owners of all such marks and registrations.

In about December 2009, the 3 trademarks then in the Estate of Harold von Braunhut (Sea Monkeys, Ocean Zoo and Hatched Egg Design) were purportedly transferred to "Transcience Corporation" (sic), a Maryland corporation (the transferee should have been "Transcience Corp.", a Maryland corporation). Plaintiff Yolanda von Braunhut purported to

3

effect these transfers in the capacity of Administrator of Harold's estate. Importantly, the estate had been closed years earlier and no new Letter of Administration was obtained from the Maryland Orphan's Court, which had jurisdiction over the estate. The remaining 3 trademarks (Instant Pets, Instant Life and TC & Design) remained in the name of the dissolved Transcience Corporation-NY. Also, the foreign registrations of the Sea Monkeys trademark remained in the name of the dissolved Transcience Corporation-NY or the deceased Harold von Braunhut.

At the time the Purchase Agreement was executed on May 25, 2010, and based on the representations in the Purchase Agreement and Exhibit B, upon which BTT relied, BTT believed that Plaintiff "Transcience Corporation" (sic) owned all 6 Trademarks and all 22 registrations. It is now clear that at that time no more than 3 of the trademarks and related U.S. registrations could have been owned by Transcience Corp.-MD (and that is questionable due to Ms. Von Braunhut purporting to act as Administrator of a closed estate). The remaining marks continued to be owned by defunct Transcience Corporation-NY, or the estate of the then deceased Harold von Braunhut.

Throughout the License Agreement, including Exhibit B, the Purchase Agreement, and even in the Complaint in this action, Plaintiffs consistently and deceptively referred to Transcience Corp.-MD as "Transcience Corporation," conflating and misstating the ownership of the Trademarks and deceptively obfuscating the fact that the defunct Transcience Corporation-NY owned Instant Life, Instant Pets and TC & Design and, together with the estate of Harold von Branuhut, all foreign registrations of the Sea Monkeys trademark.

4


**ARGUMENT**

**I.   LEAVE TO AMEND SHOULD BE GRANTED**

Leave to amend should be "freely give[n]." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should not deny a motion to amend unless there is evidence of undue delay, undue prejudice to the non-movant, bad faith, or the proposed amendment would be futile. *Foman*, 371 U.S. at 182; *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). None of these factors are present here.

In their document production November 20, 2015, Plaintiffs produced for the first time a series of incomplete and disorganized documents pertaining to the history of ownership of the trademarks at issue in this case and the corporate existence of "Transcience Corporation." Those documents showed incompatible and irreconcilable Trademark ownership scenarios, triggering a further investigation by BTT and leading BTT to conclude that Plaintiffs likely do not own the trademarks they first purported to license, and then purported to sell, to BTT.

The effect of Plaintiffs' deception is substantial. Based on the foregoing, at a minimum: (i) neither Plaintiff ever owned the trademarks Instant Life, Instant Pets and TC & Design; (ii) all U.S. registrations for the trademarks Instant Life, Instant Pets and TC & Design are invalid; and (iii) all foreign registrations for the trademark "Sea Monkeys" are believed to be invalid. In short, at least 3 of the 6 Trademarks were never owned by either Plaintiff and about 19 of the 22 separate registrations are believed to be invalid. And then, the 3 Trademarks purported to be owned by Plaintiff Transcience Corp. may have been assigned to it improperly.

Had BTT known the true facts, it would not have proceeded with the License Agreement, would not have exercised its option by entering into the Purchase Agreement, or would have

done so under different and conditions. BTT asserts that Plaintiffs, by their consistent, incorrect, misleading and deceptive references to Transcience Corp.-MD as "Transcience Corporation", intended to defraud and did defraud BTT. BTT further asserts that the foregoing facts also constitute a separate additional breach of representations and warranties in the License Agreement and Purchase Agreement.

There is no basis upon which Plaintiffs may argue undue delay in BTT seeking to assert these counterclaims. The corporate documents arousing BTT's suspicions were produced at the very close of written discovery in late November of 2015. A further, court-ordered deposition of Yolanda von Braunhut on February 4, 2016 provided additional evidence of the corporate shell game in the ownership of the relevant trademarks. BTT promptly advised this Court of its request for leave to assert the counterclaims based upon that recently discovered knowledge. There is no delay here.

*Second*, there is no basis for the Plaintiffs to assert they are unduly prejudiced by the proposed new counterclaims. The information forming the basis of the claims was within Plaintiffs' knowledge for years, and should have been fully disclosed during discovery much earlier. But, it was not.

It was only through corporate records divulged to BTT during discovery in November of 2015 did BTT's counsel suspect that there might be multiple entities named "Transcience". Once this suspicion was raised, BTT's counsel researched the corporate status of "Transcience Corporation", in both New York and Maryland, and learned of the original Transience Corporation (NY) and its forfeiture in 1991, and then the new Transicence Corp. (MD) and it forfeiture in 2012. These facts then led to inquiry as to the registered owners of the various

Trademarks and a finding that registrations were in the name of forfeited corporations and Ms. von Braunhut's deceased husband's estate. As such, Plaintiffs have had full and fair notice of the facts underlying BTT's Counterclaim, were directly involved in concealing the facts discovered, and are not prejudiced by BTT's assertion of its claims here and now.

*Third*, the proposed new counterclaims are being asserted in good faith and without any dilatory motive. Plaintiffs only recently divulged to BTT the facts which underpin the new claims. BTT currently believes it needs no additional discovery from Plaintiffs on these claims that might delay the progress of this action. There is no trial date set, so this amendment will not delay any previously scheduled trial.

*Finally*, there is no colorable argument that BTT's proposed new counterclaims are futile. All the requisite elements of claim for fraud in the inducement and breach of representations and warranties[1] are alleged in the proposed pleading attached to the Laura Decl. Of course, Plaintiffs may challenge those allegations should they so choose, but they are certainly not futile on their face.

For all of the foregoing reasons, the Court should grant BTT leave to amend its Answer for the purpose of asserting its additional counterclaims.

## II. DISMISSAL OF TRANSCIENCE CORP.'S CLAIMS IS WARRANTED

BTT recently learned through discovery that the correct name of the corporate plaintiff is "Transcience Corp.," a Maryland corporation, not "Transcience Corporation" as asserted in the pleadings. According to State of Maryland records, Transcience Corp. was created May 15, 2003, and its charter was forfeited on October 1, 2012 for failure to file its property tax return for

---

[1] BTT's has already asserted a counterclaim for Breach of Contract. That Counterclaim is proposed to be amended to add breach of representation and warranty arising from misrepresentation of ownership of intellectual property. A new counterclaim for fraud in the inducement is also proposed to be added.

2011.  The original complaint in this action was filed September 19, 2013, followed by two amendments.  At Ms. von Braunhut's deposition on February 4, 2016, she confirmed that she had not caused the corporation to be reinstated.  At the time the original complaint and each amendment was filed, Transcience Corp. did not have the legal ability to bring or maintain this suit.

In Maryland, when a corporation forfeits its charter the powers conferred by law on the corporation are inoperative, null, and void as of the date of the proclamation of forfeiture.  Md. Code Ann., Corps. & Ass'ns § 3-503(d).  Thus, all corporate powers, including the power to sue, are extinguished during the forfeiture period.  *Dual, Inc. v. Lockheed Martin Corp., 383 Md.* 151, 857 A.2d 1095, 1101 (2004).  At the same time, the directors of the forfeited corporation lose their authority as directors and become trustees of the corporation's assets for purposes of liquidation only.  Md. Code Ann., Corps. & Ass'ns § 3-515(a).  The directors/trustees are authorized to sue or be sued in their own name as trustees or in the name of the corporation, but only in connection with the winding up of the corporation's affairs. Md. Code Ann., Corps. & Ass'ns § 3-515(c)(3); *Dual*, 857 A.2d at 1101.  The suit here, filed almost one full year after the date of forfeiture, cannot be regarded as having been initiated or maintained for the purpose of "winding up" the corporation's affairs.  To the contrary, it is clearly Plaintiffs' intent to terminate the contract at issue, seek damages and continue the business contemplated in the contract.

Accordingly, BTT respectfully requests that the Court dismiss the claims asserted in this case by plaintiff Transcience Corporation.

8

**Conclusion**

For all of the foregoing reasons, the Court should grant BTT's motion in its entirety, dismissing the claims of Transcience Corporation and granting BTT leave to assert its additional counterclaims against Plaintiffs.

April 13, 2016

Respectfully submitted,

_s/ Anthony J. Laura_
Anthony J. Laura
Jeffrey G. Kramer (*pro hac vice*)
Epstein Becker & Green, P.C.
One Gateway Center – 13th Floor
Newark, NJ 07102
Telephone: (973) 642-1900
Facsimile: (973) 642-0099

*Attorneys for Defendant Big Time Toys, LLC*

9

FIRM:35803642v1