UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TRANSCIENCE CORPORATION and YOLANDA :
VON BRAUNHUT,
                                   :
                     Plaintiff,       :        13-CV-6642 (ER)
                                     :
           - against -             :
                                     :

BIG TIME TOYS, LLC,
                                     :
                     Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER TO ASSERT ADDITIONAL COUNTERCLAIMS AND TO DISMISS THE CLAIMS OF TRANSCIENCE CORPORATION

Anthony J. Laura, Esq.
alaura@ebglaw.com
Jeffrey G. Kramer, Esq. (*pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
One Gateway Center, 13th Floor
Newark, NJ 07102
(973) 642-1900
*Attorneys for Defendant*
*Big Time Toys, LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT ..................................................................................................... 2

I.    TRANSCIENCE-MD'S CLAIMS SHOULD BE
DISMISSED WITHOUT THE "QUALIFICATION"
SOUGHT BY PLAINTIFFS .................................................................. 2

II.   BTT SHOULD BE GRANTED LEAVE TO AMEND ..................................... 4

CONCLUSION ................................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Stanback v. Levitas*, Civil Action No. WMN-15-3064,
  2016 U.S. Dist. LEXIS 30034 (D. Md. Mar. 9, 2016)............................................................3

**Other Authorities**

Fed. R. Civ. P. 19(a) ......................................................................................................................2

FIRM:36670937v1

Defendant, Big Time Toys, LLC ("BTT"), respectfully submits this Reply Memorandum in further support of its motion for leave to amend its Answer to assert additional counterclaims and to dismiss the claims asserted in this case by plaintiff Transcience Corporation ("Transcience Corp.-MD").

In their Opposition, Plaintiffs agree that Transcience Corp.-MD has no legal standing to sue as a plaintiff in this case, a conclusion informed by the forfeiture of its corporate charter prior to the institution of this action.  Plaintiffs incorrectly contend, however, that a concomitant dismissal of BTT's counterclaims against Transcience Corp.-MD is also required.  That is not so. While the forfeiture of Transcience Corp.-MD's charter precludes its ability to affirmatively initiate suit, the law does not preclude the corporation (or its trustees) from being a defendant to BTT's counterclaims here.

In opposition to BTT's motion for leave to amend, Plaintiffs essentially argue futility and waiver.  As to futility, Plaintiffs assert that Yolanda von Braunhut is the current owner of the trademarks associated with the Sea Monkeys product.  Importantly, Plaintiffs lose sight of the important distinction between common law ownership and registered ownership of the trademarks.  It is registered ownership, effectively worldwide, that BTT contracted to purchase. Whether Plaintiffs' very recent "*nunc pro tunc*" machinations in regard to transfers of registered ownership are legally effective is seriously in doubt, but they nonetheless do not alter the indisputable fact that at the time Plaintiffs induced BTT to enter into the May 25, 2010 Purchase Agreement, Ms. von Braunhut was not the registered owner of any of the marks in question and Transcience Corp.-MD, at best, could have been the registered owner in the U.S. of only 3 of the 6 trademarks – and even that is in serious doubt.  As to waiver, Plaintiffs contend that BTT had

notice and knowledge of the questionable status of the chain of title to the marks but elected to proceed with the 2010 agreement nonetheless.  However, the Plaintiffs' misuse of the corporate name of the contracting party Transcience-MD interchangeably with that of the defunct Transcience-NY is alleged to have been done with the very intent of obfuscating BTT's ability to discern the proper chain of title.

BTT contracted to purchase 6 trademarks supported by what is in effect worldwide registrations.  That is clearly not what was owned by Plaintiffs or delivered by them at the time the Purchase Agreement was entered into.  BTT's allegations are more than sufficient to allow its claim to proceed past the pleading stage.

## ARGUMENT

### I.   TRANSCIENCE-MD'S CLAIMS SHOULD BE DISMISSED WITHOUT THE "QUALIFICATION" SOUGHT BY PLAINTIFFS

Plaintiffs agree that, by virtue of the forfeiture of its charter in October 2012, Transcience Corp.-MD has no legal standing to assert its claims against BTT.  They further contend, however, that the dismissal of Transcience Corp.-MD's affirmative claims should only be granted upon the condition that all counterclaims "that are not jointly and severally attachable to the remaining individual Plaintiff' should be dismissed as well.  (Plaintiffs' Memorandum, at p. 12).  Putting aside the difficulty in interpreting exactly what Plaintiffs mean by this, Plaintiffs cite no case law for this unusual proposition.  Instead, Plaintiffs rely on the party joinder provisions of Fed. R. Civ. P. 19(a).  Plaintiffs' Rule 19 argument appears to be premised upon Transcience Corp.-MD not remaining in the action as a party-defendant on BTT's counterclaims. However, BTT does not seek Transcience Corp.-MD's dismissal from those counterclaims.  It only seeks to dismiss the affirmative claims made by Transcience Corp.-MD in this action,

claims which it had no legal standing to pursue in the first place once its charter was forfeited.

In construing the Maryland corporate statute concerning forfeiture, the District of Maryland recently has determined that a corporation whose charter has been forfeited may still be sued to "satisfy its debts and liabilities." *Stanback v. Levitas*, Civil Action No. WMN-15-3064, 2016 U.S. Dist. LEXIS 30034, at *5 (D. Md. Mar. 9, 2016). In *Stanback*, the plaintiff filed suit in state court against a defunct corporation, State Real Estate, Inc. ("State Real Estate") and its owner on claims of consumer fraud and common law fraud. *Id.* at *1. Defendants removed the case to federal court, and plaintiff moved to remand, contending that State Real Estate's Maryland citizenship defeated diversity. *Id.* at *2. In determining that State Real Estate was a proper defendant and that its citizenship should be considered in the diversity jurisdiction analysis, the court held that:

> Maryland "state law makes it clear that a corporation continues to exist, at least for some limited purposes beyond forfeiture or dissolution of its charter." (citation omitted)….
> "Winding up" generally includes paying all debts, obligations and liabilities of the corporation, distributing property and resolving pending suits against the corporation. Fletcher Corporate Forms at § 3671 (4th ed. 2001); 16A Fletcher Cyclopedia of the Law of Corporations at § 8141. Thus, under § 3-515, a corporation, whose charter has been forfeited and which is in the process of "winding up," is still "alive" for purposes of being sued to satisfy its debts and liabilities.

*Id.* at *4-5. Under that same rationale, BTT should be afforded the right to continue to press its counterclaims against Transcience Corp.-MD.

In any event, Rule 19 does not preclude the counterclaims proceeding in this case, with or without Transcience Corp.-MD. Both Transcience Corp.-MD and Ms. von Braunhut were co-parties to the pertinent contracts with BTT and co-obligors of their contractual obligations to BTT. Both were party to the representations made to induce BTT to enter into the 2010

agreement.  Both are liable for the contract and tort claims BTT has asserted and seeks to assert, and BTT is free to pursue its claims, and obtain "complete relief," against any one or both of them.

Finally, and contrary to the assumption apparently made by Plaintiffs, BTT is not suing Ms. von Braunhut on a "piercing the corporate veil" theory.  She is being sued directly as both a party to the contract in suit and as a maker of representations which were false and misleading.

Accordingly, BTT respectfully requests that the Court dismiss the claims asserted in this case *by* plaintiff Transcience Corp.-MD, but retain Transcience Corp.-MD as a counterclaim defendant with respect to the claims asserted *against* it.  Alternatively, BTT respectfully requests that the Court grant permission to name the presumed trustees of Transcience Corp.-MD as a defendant with respect to the counterclaims asserted by BTT.

## II.      BTT SHOULD BE GRANTED LEAVE TO AMEND

BTT's proposed new claims are not futile.  Up until very recently, Plaintiffs have claimed that Transcience Corp.-MD and/or Yolanda von Braunhut were the common law <u>and</u> registered owners the trademarks that BTT agreed to purchase in the 2010 Purchase Agreement.  When Ms. von Braunhut was deposed in February of 2016, her testimony made clear that after her husband's demise in 2003, she did not take the steps legally necessary to transfer ownership of certain of the trademarks to Transcience Corp.-MD or to herself.  Moreover, in neither of her two depositions, despite pointed questions, did she indicate a partnership ever existed between herself and Harold with respect to Transcience Corporation-NY, Transcience Corp.-MD, Sea Monkeys or any of the intellectual property related thereto.  To cover up that problem, she and her counsel appear to have recently concocted a partnership theory and orchestrated a number of so-called

FIRM:36670937v1

"*nunc pro tunc*" filings in the U.S. Patent and Trademark Office on or about March 30, 2016, purporting to record conveyances of the trademarks in question to Ms. von Braunhut from the previously unknown "partnership" called "Harold & Yolanda."  The legitimacy of these "transfers" is highly suspect (especially given that there are intervening Security Agreements in favor of BTT on file at the USPTO encumbering all such marks), but even so, it does not alter the indisputable fact that at the time of the parties' agreement in 2010, at least 3 of the marks were not owned by either Plaintiff.

Plaintiffs' supposition that "common sense and due diligence" would have caused BTT to review the chain of title to the trademarks does not absolve Plaintiffs from the representations they made in the 2010 contract, nor does it establish that any such review would have uncovered the fraud.  Indeed, the Plaintiffs' duplicitous, interchanging use of the "Transcience" name very well could have served to (and likely was intended to) cover up the fraud they were perpetrating, notwithstanding what any transactional due diligence review may have shown.

In sum, the proposed new claims are sufficiently pleaded.  Had BTT known the true facts, it would not have proceeded with the License Agreement, would not have exercised its option by entering into the Purchase Agreement, or would have done so under different and conditions. BTT asserts that Plaintiffs, by their consistent, incorrect, misleading and deceptive references to Transcience Corp.-MD as "Transcience Corporation", intended to defraud and did defraud BTT. BTT further asserts that the foregoing facts also constitute a separate additional breach of representations and warranties in the License Agreement and Purchase Agreement.

Nor has there been any undue delay or bad faith by BTT, or any showing of undue prejudice to Plaintiffs.  As noted in BTT's moving papers, in late November of 2015, Plaintiffs

produced for the first time a series of incomplete and disorganized documents pertaining to the history of ownership of the trademarks at issue in this case and the corporate existence of "Transcience Corporation."   Those documents showed incompatible and irreconcilable Trademark ownership scenarios, triggering a further investigation by BTT and leading BTT to conclude that Plaintiffs likely do not own the trademarks they first purported to license, and then purported to sell, to BTT. A court-ordered February, 2016 deposition of Ms. von Braunhut did nothing to clarify the picture.  BTT promptly thereafter sought leave to amend.

There also is no basis for the Plaintiffs to assert they are unduly prejudiced by the proposed new counterclaims.  The information forming the basis of the claims was within Plaintiffs' knowledge for years, and should have been fully disclosed during discovery much earlier.   Plaintiffs do not dispute their knowledge of the disarray in trademark ownership and registrations.  They cannot, and do not, claim any prejudice.

Finally, the proposed new counterclaims are being asserted in good faith and without any dilatory motive.  Plaintiffs only recently divulged to BTT the facts which underpin the new claims.  BTT currently believes it needs no additional discovery from Plaintiffs on these claims that might delay the progress of this action.  There is no trial date set, so this amendment will not delay any previously scheduled trial.

FIRM:36670937v1

## Conclusion

For all of the foregoing reasons, including those in BTT's original moving papers, the Court should grant BTT's motion in its entirety, dismissing the claims of Transcience Corporation and granting BTT leave to assert its additional counterclaims against Plaintiffs.

May 25, 2016                                        Respectfully submitted,

                                                    _s/ Anthony J. Laura_
                                                    Anthony J. Laura
                                                    Jeffrey G. Kramer (*pro hac vice*)
                                                    Epstein Becker & Green, P.C.
                                                    One Gateway Center – 13th Floor
                                                    Newark, NJ 07102
                                                    Telephone: (973) 642-1900
                                                    Facsimile: (973) 642-0099

                                                    *Attorneys for Defendant Big Time Toys, LLC*

FIRM:36670937v1