**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
─────────────────────────────────────────x
                                         :
TRANSCIENCE CORPORATION TRUSTEES &       :
YOLANDA VON BRAUNHUT (individual)        :
                       Plaintiffs        :    Index No.:    13-cv-6642
                                         :
         -against-                       :    PLAINTIFFS' ANSWER
                                         :    TO DEFENDANT'S
                                         :    COUNTERCLAIM AND
BIG TIME TOYS, LLC                       :    AFFIRMATIVE DEFENSES
                       Defendant.        :
─────────────────────────────────────────x
```

  Plaintiffs, or otherwise 3rd party Defendants Transcience Corporation Trustees & Yolanda von Braunhut (herein "Plaintiffs"), by and through counsel hereby respectfully ANSWER the counterclaim set forth in Defendant Big Time Toys (herein "Defendant") ANSWER to Plaintiffs 2nd Amended Complaint and says as follows:

## DEMAND FOR INJUNCTIVE RELIEF and CLAIM FOR MONEY DAMAGES

  Transcience Corporation Trustees and Yolanda von Braunhut (collectively "Plaintiffs" or otherwise "3rd party Defendant and Plaintiff") are the owners of all of the intellectual property relating to the product known to the world as "Sea-Monkeys®". The Plaintiffs entered into a Licensing Agreement with Defendant Big Time Toys, LLC (BTT) in the year 2007. That agreement effectively licensed the Sea-Monkeys® intellectual property to the Defendant. That agreement also gave the Defendant the right to purchase the Sea-Monkeys® brand from the Plaintiffs for a specified price. The parties amended the 2007 agreement in the year 2009.

  The parties performed their contractual obligations without significant incident until the month of December 2012. In the month of December 2012 the Defendant made it known to the Plaintiffs that the Defendant would no longer from that point forward be performing its contractual payment obligations. The Defendant made it clear that unless a better deal could be renegotiated that the Defendant was prepared to walk away from the Sea-Monkeys® business. The Plaintiffs shortly thereafter sent to the Defendant a "Notice of Default" thereby giving the Defendant the opportunity to cure its default. After the Defendant failed to cure its default the

Plaintiffs, pursuant to the terms of the former agreement between the parties, declared the agreement between the parties "null and void with no further force or effect".

Unfortunately, the Defendant at that juncture refused to cease and desist with the Plaintiffs' Sea-Monkeys® business.  The Plaintiffs were compelled to bring an action captioned *Transcience et al. v. BTT (13-cv-6642)* against BTT in September of 2013 to force BTT to stop selling and profiting from the Plaintiffs' Sea-Monkeys® intellectual property.

Sam Harwell, from Nashville Tennessee, is the owner and CEO of BTT.  In addition to refusing to stop selling the Sea-Monkey® brand name Sam Harwell took it upon himself to set up an elaborate counterfeiting operation based in China that began counterfeiting the Sea-Monkeys® intellectual property in or about the month of October 2013.  Harwell continues to counterfeit the Sea-Monkeys® intellectual property in China to this very day.  Harwell's counterfeit has damaged the name brand and has defrauded the buying public at large in an amount to be determined at trial.

Discovery in the action is now closed and the parties seek a short deadline to set forth Pre-Trial Statements in advance of procuring a trial date.  The Plaintiffs respectfully request that the action be fast tracked from here on out.  The Plaintiffs' 2nd Amended Complaint speaks for itself with respect to the relief sought by the Plaintiffs.  The Defendant's 1st Amended Counterclaim to Plaintiffs' 2nd Amended Complaint also speaks for itself and Plaintiffs aver that the Defendant is not entitled to any such relief.

## PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIM

1. Plaintiffs admit the allegations set forth in paragraph #1.

2. Plaintiffs deny the allegation set forth in paragraph #2.

3. Plaintiffs deny the allegations set forth in paragraph #3.

4. Plaintiffs deny the allegations set forth in paragraph #4.

5. Plaintiffs admit the allegations set forth in paragraph #5.

6. Plaintiffs admits the allegation set forth in paragraph #6 noting that the *nunc pro tunc* filings made with the United States Patent and Trademark Office in March of 2016 have corrected any and all imperfections with respect to clear, unequivocal, and proper chain of title.

7. Plaintiffs deny the allegations set forth in paragraph #7.

8. Plaintiffs admit the allegations set forth in paragraph #8.

9. Plaintiffs admit the allegations set forth in paragraph #9 insofar as "property" as used in paragraph #9 refers to some property and not all property.

10. Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #10.

11. With regard to paragraph #11 Plaintiffs admit that a License Agreement was entered into on June 24, 2007 but deny that use of the word "Corporation" in the License Agreement was in any way incorrect or otherwise misleading.

12. Plaintiffs either deny the allegations, deny knowledge sufficient to form a belief as to the truth of the allegations, deny that the Defendant has knowledge sufficient to form a belief as to the truth of the allegations, or assert the privilege of trade secreted information with regard to the allegations set forth in paragraph #12.

13. As to the allegations set forth in paragraph #13 the agreement referenced speaks for itself.

14. As to the allegations set forth in paragraph #14 the agreement referenced speaks for itself.

15. As to the allegations set forth in paragraph #15 the agreement referenced speaks for itself.

16. With regard to paragraph #16 Plaintiffs deny knowledge sufficient to form a belief as to what the Defendant believed or believes.

17. Plaintiffs deny the allegations set forth in paragraph #17.

18. Plaintiffs deny the allegations set forth in paragraph #18.

19. As to the allegations set forth in paragraph #19 the agreement referenced speaks for itself.

20. Plaintiffs deny the allegations set forth in paragraph #20.

21. Plaintiffs deny the allegations set forth in paragraph #21.

22. Plaintiffs deny the allegations set forth in paragraph #22.

23. Plaintiffs deny the allegations set forth in paragraph #23.

24. Plaintiffs deny the allegations set forth in paragraph #24.

25. Plaintiffs admit the allegations set forth in paragraph #25 but deny that the spelling of "Corporation" is incorrect.

26. As to the allegations set forth in paragraph #26 the agreement referenced speaks for itself.

27. As to the allegations set forth in paragraph #27 the agreement referenced speaks for itself.

28. With regard to paragraph #28 Plaintiffs deny knowledge sufficient to form a belief as to what the Defendant believed or believes.

29. Plaintiffs deny the allegations set forth in paragraph #29.

30. Plaintiffs deny the allegations set forth in paragraph #30.

31. As to the allegations set forth in paragraph #31 the agreement referenced speaks for itself.

32. Plaintiffs deny the allegations set forth in paragraph #32.

33. As to the allegations set forth in paragraph #33 the agreement referenced speaks for itself.

34. As to the allegations set forth in paragraph #34 the agreement referenced speaks for

itself.

35. As to the allegations set forth in paragraph #35 the agreement referenced speaks for itself.

36. As to the allegations set forth in paragraph #36 the agreement referenced speaks for itself.

37. Plaintiffs deny the truth of the allegations set forth in paragraph #37.

38. Plaintiffs deny that it has or had the obligation to perform as alleged in paragraph #38.

39. Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #39.

40. As to the allegations set forth in paragraph #40 the agreement referenced speaks for itself.

41. Plaintiffs deny that it has or had the obligation to perform as alleged in paragraph #41.

42. As to the allegations set forth in paragraph #42 the agreement referenced speaks for itself.

43. As to the allegations set forth in paragraph #43 the agreement referenced speaks for itself.

44. Plaintiffs admit the truth of the allegations set forth in paragraph #44.

45. Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #45.

46. Plaintiffs deny the truth of the allegations set forth in paragraph #46.

47. As to the allegations set forth in paragraph #47 the agreement referenced speaks for

itself.

48. Plaintiffs admit the truth of the allegations set forth in paragraph #48 noting that the Plaintiffs had inquired of the Defendant if the Defendant would accept such shipments in advance of such shipments being shipped and that the Defendant agreed to accept such shipments.

49. Plaintiffs deny the truth of the allegations set forth in paragraph #49.

50. Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #50.

51. As to the allegations set forth in paragraph #51 the letter referenced speaks for itself.

52. As to the allegations set forth in paragraph #52 the emails referenced speaks for themselves.

53. As to the allegations set forth in paragraph #53 the email referenced speaks for itself.

54. Plaintiffs admit the truth of the allegations set forth in paragraph #54.

55. Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #55.

56. As to the allegations set forth in paragraph #56 the emails referenced speaks for themselves.

57. Plaintiffs deny the truth of the allegations set forth in paragraph #57.

58. As to the allegations set forth in paragraph #58 the agreement referenced speaks for itself.

59. As to the allegations set forth in paragraph #59 the letter referenced speaks for itself.

60. Plaintiffs deny the truth of the allegations set forth in paragraph #60.

61. Plaintiffs admit that the entirety of the agreement between the parties was rightfully

terminated on January 18th 2013.

62. Plaintiffs repeat and reallege each and every answer and defense set forth previously to the allegations set forth in Defendant's first amended counterclaim and 3rd party complaint.

63. Plaintiffs deny the truth of the allegations set forth in paragraph #63.

64. Plaintiffs deny the truth of the allegations set forth in paragraph #64.

65. Plaintiffs deny that Plaintiffs made any misrepresentations as alleged in paragraph #65.

66. Plaintiffs deny the truth of the allegations set forth in paragraph #66.

67. Plaintiffs deny the truth of the allegations set forth in paragraph #67.

68. Plaintiffs deny the truth of the allegations set forth in paragraph #68.

69. Plaintiffs repeat and reallege each and every answer and defense set forth previously to the allegations set forth in Defendant's first amended counterclaim and 3rd party complaint.

70. Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #70.

71. As to the allegations set forth in paragraph #71 the order referenced speaks for itself.

72. Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #72.

73. Plaintiffs admit the truth of the allegations set forth in paragraph #73.

74. Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #74.

75. Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph #75.

76. Plaintiffs deny knowledge sufficient to form a belief as to the truth of the allegations

set forth in paragraph #76.

## AFFIRMATIVE DEFENSES

1. Any breaches alleged by the Defendant by Plaintiffs of the 2007 License Agreement or 2009 Amendment Agreement are not "material" breaches and are therefore not actionable.

2. Plaintiffs have cured any, if any, breaches by it to the 2007 License Agreement or 2009 Amendment Agreement as alleged by the Defendant.

3. Any failure, if any, by the Plaintiffs to comply with their obligations under the 2007 License Agreement or 2009 Amendment Agreement as alleged by the Defendant is due to the Defendant's improper actions, breaches of the 2007 License Agreement or 2009 Amendment Agreement, and bad faith.

4. The Counterclaim fails to state a claim upon which relief may be granted.

5. Defendant is barred from receiving any form of equitable relief by the Defendant's unclean hands as demonstrated all throughout.

6. Defendant's recovery or relief is barred by Defendant's tortuous interference with the Plaintiffs' prospective business and/or contractual relations.

7. Defendant's recovery or relief is barred by the doctrine of waiver.

8. Defendant's recovery or relief is barred by the doctrine of laches.

9. Defendant's recovery or relief is barred by the doctrine of estoppel.

10. Defendant's recovery or relief is barred by the doctrine of licensee estoppel.

11. The Defendant's recovery or relief is barred by the Doctrine of Commercial Impracticability.

12. The Defendant's recovery or relief is barred by the Doctrine of Frustration of Purpose.

13. Defendant's attempted exercise of contractual remedies is in bad faith and runs contrary to the covenant of good faith and fair dealing.

14. While the agreement between the parties speaks for itself the Plaintiffs have relied upon their current and continuing interpretation of the agreement between the parties all throughout the duration of the agreement between the parties.

15. While denying any allegations made by the Defendant, the Defendant is barred from exercising any contractual remedies because the Plaintiffs' alleged failure to perform their contractual duties complained of are a result of, in whole or in part, Defendant's wrongful conduct and breaches of the 2007 License Agreement and 2009 Amendment Agreement between the parties.

16. The Plaintiffs have not breached the 2007 License Agreement or 2009 Amendment Agreement.

17. The Defendant has failed to mitigate its damages.

18. Defendant's recovery or relief is barred by the doctrine of accord and satisfaction and/or release.

19. The Defendant has failed to join indispensable parties.

20. The Defendant's recovery or relief is barred by the Defendant's fraud when procuring the 2007 License Agreement or 2009 Amendment Agreement.

21. The Defendant's recovery or relief is barred by the Defendant's equitable fraud when procuring the 2007 License Agreement or 2009 Amendment Agreement.

22. The Defendant's recovery or relief is barred by the Defendant's negligent representations.

23. The Defendant's recovery or relief is barred by the forthright negotiator principle.

24. The Defendant's recovery or relief is barred by the doctrine of mutual mistake.

25. The Defendant's recovery or relief is barred by the Defendant's failure to exercise certain conditions precedent to the exercise of contractual remedies, including but not limited to, the failure of the Defendant to cure the alleged defaults.

26. The Defendant's recovery or relief is barred by the Economic Loss Doctrine.

27. The Defendant's recovery or relief is barred by the Doctrine of Avoidable Consequences.

28. The Defendant's recovery or relief is barred by the Defendant's breach of fiduciary duty.

29. The Defendant's recovery or relief is barred because the Defendant's damages, if any, were caused by superseding or intervening causes over which the Plaintiffs had and/or have no control.

30. Defendant's recovery or relief is barred by Defendant's failure to exercise certain conditions precedent to the exercise of their contractual remedies, including, but not limited to, the failure to give the Plaintiffs notice and an opportunity to cure the alleged defaults.

31. Defendant's recovery or relief is barred by Defendant's failure to exercise contractual remedies, including, but not limited to, the failure to give the Plaintiffs notice and an opportunity to cure the alleged defaults.

32. The License Agreement and Purchase Agreement are a "hybrid" licensing agreement encompassing inseparable patent and nonpatent rights, and is therefore unenforceable beyond the expiration date of underlying patents because the agreements do not provide a discounted rate for nonpatent rights or some other clear indication that the royalty at issue is in no way subject to patent leverage. Kimble v. Marvel Enters. Inc., 727 F.3d 856, 107 U.S.P.O. 2d 1496 (9th Cir.

2013).

33. The Defendant's recovery or relief is barred by the Defendant's negligence.

34. The Defendant's recovery or relief is barred by set-off.

35. Defendant's recovery or relief is barred by the functionality doctrine.

36. The Defendant's equitable claims and contract claims are barred by statute and contract because "equity follows the law".

37. The Defendant's equitable and contract claims are barred because "equity will not be an instrument of injustice".

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully demands judgment as follow:

(1) Dismissing with prejudice the Defendant's counterclaim in its entirety;

(2) The issuance of a permanent injunction by the Court prohibiting any future use of Plaintiffs' intellectual property by the Defendant;

(3) The issuance of an Order of the Court requiring that the Defendant immediately return to Plaintiffs at the Defendant's own cost any and all unsold product, packets, tooling, packaging materials, and any other thing related to the previously Licensed Products as provided for in the now terminated 2007 "License Agreement" and the likewise terminated 2009 "Purchase Agreement and Amendment to License Agreement";

(4) The issuance of a permanent Order of the Court prohibiting the Defendant from selling, marketing, and/or producing "knock-off" products related to Sea-Monkeys® Properties or any other brine shrimp product as referenced to and defined in the now terminated 2007 "License Agreement" and the likewise terminated 2009 "Purchase Agreement and Amendment to License Agreement";

(5) An awarding of monetary damages by the Defendant to the Plaintiffs for such sum as the jury shall find to be just, according to the circumstances of the case, provided that such sum shall constitute compensation and not a penalty, commensurate with interest, for Defendant's willful and insidiously implemented infringement of Plaintiffs' intellectual property as detailed within the Complaint;

(6) Assessing against the Defendant punitive damages, in favor of Plaintiffs, pursuant to the common law of the State of New York for trademark infringement and for unjust enrichment to punish the Defendant for its egregious behavior and uncivil actions which necessitated the bringing of this lawsuit;

(7) Awarding the Plaintiffs attorney's fees, costs, and disbursements of this action, and any such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38 Plaintiffs hereby demand a trial by jury on any issue triable of right by a jury.

Respectfully Submitted,

By: *s/ William Timmons*
William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
 (631) 750-5980

Attorneys for Plaintiffs
TRANSCIENCE CORPORATION &YOLANDA VON BRAUNHUT

Dated:  January 27, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x
                                            :
TRANSCIENCE CORPORATION &                   :
YOLANDA VON BRAUNHUT (individual)           :
                          Plaintiffs        :    Index No.:    13-cv-6642
                                            :
         -against-                          :    **PLAINTIFFS' ANSWER**
                                            :    **TO DEFENDANT'S**
                                            :    **COUNTERCLAIM AND**
BIG TIME TOYS, LLC                          :    **AFFIRMATIVE DEFENSES**
                          Defendant.        :
_____x

## CERTIFICATE OF SERVICE

    I hereby certify that on January 27th 2017, I caused a true and correct copy of **PLAINTIFFS' ANSWER to DEFENDANT'S COUNTERCLAIM and AFFIRMATIVE DEFENSES** and accompanying materials to be posted on the electronic filing system (ECF) of the United States District Court for the Southern District of New York (SDNY.



Respectfully Submitted,

By:

 *s/William Timmons*
William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
 (631) 750-5980

Attorneys for Plaintiffs
TRANSCIENCE CORPORATION &                          :
YOLANDA VON BRAUNHUT

Dated:  January 27, 2017