UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
─────────────────────────────────── x
                                    :
TRANSCIENCE et al                   :
                  Plaintiffs        :        Index No.:    13-cv-6642 (ER)
                                    :
         -versus-                   :
                                    :        PLAINTIFFS' MOTION IN LIMINE #2
BIG TIME TOYS, LLC                  :
                  Defendant         :        Regarding Use of the Word
─────────────────────────────────── x        "COUNTERFEIT" at the Trial
─────────────────────────────────── x
                                    :
BIG TIME TOYS, LLC                  :
                  Plaintiffs        :
                                    :
         -versus-                   :
                                    :
TRANSCIENCE et al                   :
                  Defendant         :
─────────────────────────────────── x
```

**PLAINTIFFS' MOTION *IN LIMINE* #2**
**Regarding Use of the Word "COUNTERFEIT" at the Trial**

Plaintiffs hereby move the Court for an Order regarding use of the word "COUNTERFEIT" at the trial. While use of this word is admittedly inflamed on its face there simply is no other way for the Plaintiffs to effectively convey the sum and effect of the Defendant's activities with regard to the Defendant's manufacture and incorporation of non-trade secreted pouches into Plaintiffs' **Sea-Monkeys®** name brand to the trier of fact. For all the reasons given below Plaintiffs seek preemptive permission of the Court to use this word at the trial with the preamble "alleged" attached to describe, or otherwise inquire of, the Defendant's activities regarding its manufacture and incorporation of non-trade secreted pouches into the **Sea-Monkeys®** name brand sold to the public at large beginning in October of 2013.

## ARGUMENT

The **Sea-Monkeys®** name brand product is dependent upon the manufacture of trade secreted pouches that provide for and/or contain (among other things) water quality, dormant organisms, and continuing sustenance. Trade secrets relating to Plaintiffs' **Sea-Monkeys®** product were generated over many years of trial and error. The trade secrets of the **Sea-Monkeys®** name brand product are the primary reason behind the long term success of the product. These trade secrets have always been zealously guarded and properly quarantined. These trade secrets have been reduced to writing and are held under lock and key in a vault by the Holder of Escrow in Manhattan. **(see Exhibit B of the 2nd Amended Complaint, "the 2009 Amendment"; Section 3.2 Delivery of Licensed Product to Escrow Holder)**

It is an uncontestable fact that the transfer of these trade secrets formed the basis for the contractual agreement formed between the parties. Express language in the 2007 Agreement between the parties and the 2009 Amendment to the Agreement between the parties is dedicated specifically to the maintenance, preservation, and ultimate anticipated transfer of these precious trade secrets. Because of the breach of the agreement between the parties, as alleged by the Plaintiffs, these trade secrets were NEVER disclosed to the Defendant.

It is an uncontestable fact that pursuant to the former agreement between the parties that the Plaintiffs "shall be the sole supplier of all Sea-Monkeys pouches." **(see Exhibit A of the 2nd Amended Complaint, "the 2007 Agreement"; Section 5.A; Page 9)**

It is also an uncontestable fact that the Defendant took it upon itself to manufacture and incorporate into the **Sea-Monkeys®** name brand non-trade secreted pouches that it sold to the general buying public at large beginning in the month of October of the year 2013. **(see attached Exhibit #1; Affidavit of Sam Harwell; paragraph #3)**

**Central Issue at Trial:**

The central issue of dispute between the parties, for which the trier of fact is required, is whether or not the entirety of the agreement between the parties was in fact terminated, pursuant to the terms of the agreement, when the Plaintiffs delivered unto the Defendant the letter dated January 18th 2013 **(see 2nd Amended Complaint; Exhibit D)** declaring that the contract (meaning the sum of the 2007 Agreement and the 2009 Amendment) between the parties was "null and void and of no further force of effect."

The Plaintiffs have argued all throughout that the January 18th 2013 letter did, in fact, effectively terminate the contractual relationship. The Plaintiffs maintain, and will present at trial, that from that point forward the Defendant adopted the posture of a holdover tenant when it refused to vacate (or pay rent for) the intellectual property owned by the Plaintiffs.

The Defendant has set forth as its defenses to alleged trademark infringement that it had: 1) experienced a *force majeure* event that prevented it from meeting its contractual obligations in December of 2012 and, alternately, 2) that it had effectively satisfied its contractual obligations such that, as of November 2012, it was the rightful owner of the **Sea-Monkeys®** name brand. The Defendant argues therefore that it had a right, beginning November 2012, to do with the **Sea-Monkeys®** name brand as it in its sole discretion saw fit. Its October 2013 decision to incorporate non-trade secreted pouches into the **Sea-Monkeys®** name brand is therefore beyond reproach if the Defendant did, in fact, own the name brand at that time.

If, however, the trier of fact finds that the Defendant did NOT acquire ownership of the **Sea-Monkeys®** name brand at any point and that the contractual relationship between the parties was effectively terminated by the January 18th 2013 letter (regardless of whether or not a *force*

*majeure* event occurred[1]) then the October 2013 decision to incorporate non-trade secreted pouches into the name brand exposes the Defendant to severe, punitive, and open ended liability. If such a determination is made by the trier of fact then the Defendant is contemporaneously branded without recourse a "counterfeiter".

While it may be discomforting, over the course of the trial, for the Defendant to hear and be accused of manufacturing an "alleged counterfeit" the Defendant will, nonetheless, have its day in court to prove that such an accusation is wholly unfounded.  If, however, the accusation is well founded then the Plaintiffs need for the trier of fact to take into account the full animus that the Plaintiffs allege the Defendant is beholden to.

## CONCLUSION

As the Plaintiffs have a good faith basis for presenting that the October 2013 decision by the Defendant to incorporate non-trade secreted pouches into the **Sea-Monkeys®** name brand may, in fact be a counterfeit the Plaintiffs seek an Order of the Court affording it permission all throughout the trial to refer to the non-trade secreted pouches incorporated into the **Sea-Monkeys®** name brand as an "alleged counterfeit".

Respectfully submitted by:
*s/ William Timmons*
William Timmons, Esq.
25 Candee Ave., Sayville, NY 11782
(631) 750-5980
*Attorneys for Transcience et al*

Dated:  April 3rd 2017

---

[1] It is important to note that the *force majeure* event as alleged by the Defendant could and CANNOT on its own afford the Defendant the right to manufacture and incorporate non-trade secreted pouches into the **Sea-Monkeys®** name brand.

The alleged *force majeure* event can only suspend performance (or payment) for the duration of the alleged *force majeure* event and CANNOT be used to find that the Defendant has satisfied its contractual obligations in such a way so as to do with the name brand as it sees fit.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____x
                                  :
TRANSCIENCE et al                 :
                Plaintiffs        :      Index No.:    13-cv-6642 (ER)
                                  :
       -versus-                   :
                                  :      PLAINTIFFS' MOTION IN LIMINE #2
BIG TIME TOYS, LLC                :
                Defendant         :      Regarding Use of the Word
_____ x      "COUNTERFEIT" at the Trial
_____x
                                  :
BIG TIME TOYS, LLC                :
                Plaintiffs        :
                                  :
       -versus-                   :
                                  :
TRANSCIENCE et al                 :
                Defendant         :
_____ x
```

## CERTIFICATE OF SERVICE

I hereby certify that on or about April 3rd 2017, I caused a true and correct copy of the foregoing **Plaintiffs' Motion *in limine* #2** to be filed with the Clerk of the Court for Southern District of New York (**SDNY**) via the Electronic Case Filling (**ECF**) system of the **SDNY** thereby giving service of notice to:

Epstein Becker & Green, P.C.
ATTN:  Sheila A. Woolson & Jeffrey G. Kramer (*pro hac vice*)
150 College Road West, Suite 301 | Princeton, NJ  08540
t 609.455.1540 | www.ebglaw.com
*Attorneys for BTT Big Time Toys, LLC*

By: *s/ William Timmons*
William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
(631) 750-5980
*Attorneys for Transcience et al*

Dated:  April 3rd 2017