UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――― x
                                          :
TRANSCIENCE *et al*                       :
              Plaintiffs                  :    Index No.:   13-cv-6642 (ER)
                                          :
         -versus-                         :
                                          :    **Plaintiffs' Proposed** *voir dire*
BIG TIME TOYS, LLC                        :
              Defendant                   :
―――――――――――――――――――――――― x
―――――――――――――――――――――――― x
                                          :
BIG TIME TOYS, LLC                        :
              Plaintiffs                  :
                                          :
         -versus-                         :
                                          :
TRANSCIENCE *et al*                       :
              Defendant                   :
―――――――――――――――――――――――― x

**PLAINTIFFS' PROPOSED *VOIR DIRE***

Plaintiffs' *Transcience et al* respectfully requests that the Court include the following questions in its examination of prospective jurors, pursuant to Rule 47(a) of the Federal Rules of Civil Procedure and to permit Plaintiffs to supplement that questions if so needed.  Plaintiffs respectfully request  that the following Summary of Facts be set forth at the beginning of the Court's *voir dire* examination so that members of the jury panel may consider the Court's questions in the context of this case.

**PLAINTIFFS' SUMMARY OF THE FACTS**

The Plaintiffs ("herein "TSC") entered into a contractual relationship with the Defendant *Big Time Toys*, *LLC* (herein "BTT") in the year 2007.  The contract licensed TSC's premier brand name product and intellectual property protected trademarked **Sea-Monkeys®** product to BTT.  That contract provided that BTT pay a monthly royalty payment to TSC and also provided that BTT could purchase the entire **Sea-Monkeys®** brand name for a specified Initial Purchase Price

(**IPP**) up front followed by a back ended Additional Purchase Price (**APP**) paid over time.

The parties amended their agreement in the year 2009. The amended agreement increased the monthly royalty payment payable by BTT to TSC but applied the entire royalty payment to the attainment of the previously specified **IPP**.

In the month of December 2012 BTT telephoned Yolanda von Braunhut (the CEO of *Transcience*) to inform her that BTT was NOT going to make the next scheduled royalty payment.

The **Sea-Monkeys®** product is dependent upon the manufacture of trade secreted pouches that provide for and/or contain (among other things) water quality, dormant organisms, and continuing sustenance. Beginning in October of 2013 BTT began to manufacture a non-trade secreted and incorporate non-trade secreted pouches into the trademarked **Sea-Monkeys®** name brand without the knowledge, benefit, or application of the trade secrets.

**In SUM of TSC's Presentment at Trial**:

TSC alleges, and will present at trial, that the agreement between the parties was terminated in January of 2013 after BTT failed to cure its default of the agreement between the parties. TSC will present that because there was no longer an agreement between the parties, and because BTT continued (and still continues) to sell and profit from the trademarked **Sea-Monkeys®** name brand, that BTT is and has been infringing upon the trademarks connected to TSC's trademarked **Sea-Monkeys®** name brand. TSC allege, and will present at trial, that BTT has performed as a tenant who has stopped paying rent AND has refused to leave the premises (aka. a holdover tenant).

Additionally, TSC will present at trial that because BTT sold **Sea-Monkeys®** product that did NOT contain the trade secret formula that BTT has willfully infringed upon TSC's trademarked **Sea-Monkeys®** name brand. TSC alleges, and will present at trial, that because of the willful trademark infringement demonstrated by BTT that TSC will require enhanced compensatory damages, including punitive damages, to publically rehabilitate the **Sea-Monkeys®** name brand and to penalize BTT for its untoward behavior.

**In SUM of BTT's Presentment at Trial**:

BTT alleges, and will present at trial, that the agreement between the parties was not breached by BTT.  BTT will present that it experienced what it alleges to be a *force majeure* event that prevented it from performing its contractual obligations.  Furthermore, BTT argues that even if the *force majeure* event is not found to be a legitimate *force majeure* event that BTT had already paid the **IPP** in full and that it now is the rightful owner of the trademarked **Sea-Monkeys®** name brand.

Additionally, BTT alleges, and will present at trial, that TSC had historically failed to comply with the provisions of Section 5(c) of the 2009 Amendment and that TSC had in effect breached the agreement between the parties years ago.  BTT also alleges that because certain filings made with the United States Patent and Trademark Office (**USPTO**) did not conform to proper protocols that BTT can and will show under a standard of clear and convincing evidence that TSC did not own the trademarked **Sea-Monkeys®** name brand at the time the agreement between the parties was formed.

## Plaintiffs' Endorsement

The Plaintiffs having been forwarded a copy of the Defendant's proposed *voir dire* questions endorse the overall line of inquiry as set forth by the Defendant noting the following exceptions:

- inclusion of notice of knowledge of the following witnesses:
    - Gary Barber
    - Shane Brooks
- inclusion of notice of knowledge of Plaintiffs' Legal Assistant Mark Lipynsky
- exclusion of reference to Harold von Braunhut as a member of a white supremacist organization

Plaintiffs reserve its right to supplement or amend the above-requested *voir dire* questions subsequent to the rulings on any motions *in limine*.

Respectfully Submitted,

By: *s/ William Timmons*
William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
(631) 750-5980
*Attorneys for Plaintiffs*

Dated:  April 3rd 2017

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| TRANSCIENCE *et al* | : | |
| Plaintiffs | : | Index No.: 13-cv-6642 (ER) |
| -versus- | : | |
| BIG TIME TOYS, LLC | : | **Plaintiffs' Proposed *voir dire*** |
| Defendant | : | |

| | | |
|---|---|---|
| BIG TIME TOYS, LLC | : | |
| Plaintiffs | : | |
| -versus- | : | |
| TRANSCIENCE *et al* | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on or about April 3rd 2017, I caused a true and correct copy of the foregoing **Plaintiffs' Proposed *voir dire*** to be filed with the Clerk of the Court for Southern District of New York (**SDNY**) via the Electronic Case Filling (**ECF**) system of the **SDNY** thereby giving service of notice to:

Epstein Becker & Green, P.C.
ATTN:  Sheila A. Woolson & Jeffrey G. Kramer (*pro hac vice*)
150 College Road West, Suite 301 | Princeton, NJ  08540
t 609.455.1540 | www.ebglaw.com
*Attorneys for BTT Big Time Toys, LLC*

By: *s/ William Timmons*
William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
 (631) 750-5980
*Attorneys for Plaintiffs*

Dated:  April 3rd 2017