**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------x
                                        )
TRANSCIENCE CORPORATION and             )      Civil Action No. 13 CV 6642
YOLANDA VON BRAUNHUT,                    )
                                        )
              Plaintiffs,               )
                                        )
-against-                               )
                                        )
BIG TIME TOYS, LLC,                     )
                                        )
              Defendant/Counterclaimant. )
                                        )
-----------------------------------------------x
BIG TIME TOYS, LLC,                     )
                                        )
              Third Party Plaintiff,    )
                                        )
-against-                               )
                                        )
YOLANDA VON BRAUNHUT, JANE              )
DOES 1-3, and JOHN DOES 1-3,            )
                                        )
              Third Party Defendants.   )
```

---

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* RELATED TO ALLEGATIONS OF COUNTERFEITNG

---

EPSTEIN BECKER & GREEN, P.C.
Sheila A. Woolson, Esq.
Jeffrey G. Kramer, Esq. (*pro hac vice*)
One Gateway Center, 13th Floor
Newark, New Jersey  07102
(973) 642-1900
*Attorneys for Defendant*
*Big Time Toys, LLC*

Firm:43243020v1

## <u>TABLE OF CONTENTS</u>

Table of Authorities ................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS ........................................................................................1

ARGUMENT .............................................................................................................2

               BECAUSE PLAINTIFF HAS NOT ALLEGED AND CANNOT SUSTAIN
               A CLAIM OF COUNTERFEITING, SHE SHOULD BE PRECLUDED
               FROM RAISING THE ISSUE BEFORE THE JURY

CONCLUSION ..........................................................................................................3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Bangkok Bangkok Import & Export, Inc. v. Jamtan African American Market Group,
    2016 U.S. Dist. LEXIS 81245 (S.D.N.Y. 2016)........................................................................2

Excelled Sheepskin & Leather Coat Corp. v. Or. Brewing Co.,
    2015 U.S. Dis. LEXIS 96337 (S.D.N.Y. 2015) ......................................................................2

Fischer v. Forrest,
    2017 U.S. Dist. LEXIS 5498 (S.D.N.Y. 2017) .......................................................................2

Gucci America, Inc. v. Duty Free Apparel,
    286 F. Supp.2d 284 (S.D.N.Y. 2003)......................................................................................2

Pfizer, Inc. v. Y2K Shipping & Trading, Inc.,
    2004 U.S. Dist. LEXIS 10426 (2004)......................................................................................1

**Statutes**

15 U.S.C. § 1114(1)(a)...................................................................................................................2

**Other Authorities**

Federal Rule of Evidence 403 ........................................................................................................3

ii

## PRELIMINARY STATEMENT

Plaintiff Yolanda von Braunhut improperly seeks a ruling from the Court allowing her use the word "counterfeiting" during the trial even though she has not alleged counterfeiting. This motion is no doubt in response to the *in limine* motion brought by Defendant Big Time Toys, LLC ("BTT") seeking an order precluding Plaintiff from doing exactly that. For all of the reasons set forth in BTT's motion, the Court should deny Plaintiff's motion

## STATEMENT OF FACTS

In the Second Amended Complaint, Plaintiff alleged a single count of "trademark infringement" under the "Lanham Act". Plaintiff never alleged a claim of counterfeiting under federal or state law (nor did she allege a claim of infringement under state law)[1]. Despite this, during the course of this litigation Plaintiff has sent letters to certain retailers, including WalMart and Toys R Us, asserting that BTT is marketing and selling counterfeit Sea Monkeys products. (See Declaration of Jeffrey Kramer submitted in support of BTT's motions *in limine* [ECF No. 160] ("Kramer Decl."), Ex. L). Plaintiff has also made representations to that effect to Your Honor and Magistrate Judge Ellis. As described below, such statements are incorrect as a matter of law. Any assertion that BTT is engaged in counterfeiting during the course of the trial would be unfairly prejudicial to BTT and must be prohibited.

---

[1] Although the remedies differ, Plaintiff still has to prove ownership of the mark even under New York law. Pfizer, Inc. v. Y2K Shipping & Trading, Inc., 2004 U.S. Dist. LEXIS 10426, **22 (2004).

## ARGUMENT

## BECAUSE PLAINTIFF HAS NOT ALLEGED AND CANNOT SUSTAIN A CLAIM OF COUNTERFEITING, SHE SHOULD BE PRECLUDED FROM RAISING THE ISSUE BEFORE THE JURY

"A counterfeit mark is a "spurious mark" that is identical to or indistinguishable from a registered mark. Fischer v. Forrest, 2017 U.S. Dist. LEXIS 5498, *33-34 (S.D.N.Y. 2017). Although not defined by statute, case law has defined "spurious" as "fake" or suggesting a "false origin". Id. at *38-39. The essence of counterfeiting" is the use of the infringing mark to trick the consumer into believing he or she is receiving the genuine article, not an imitation. Excelled Sheepskin & Leather Coat Corp. v. Or. Brewing Co., 2015 U.S. Dis. LEXIS 96337 (S.D.N.Y. 2015). Thus a fundamental question before the Court when presented with a claim of counterfeiting is whether or not the items are fake. Gucci America, Inc. v. Duty Free Apparel, 286 F. Supp.2d 284, 287 (S.D.N.Y. 2003).

Ownership of a registered mark is a requirement for alleged counterfeiting. See Bangkok Bangkok Import & Export, Inc. v. Jamtan African American Market Group, 2016 U.S. Dist. LEXIS 81245, *5 (S.D.N.Y. 2016) (noting that ownership of the trademark is a necessary element to prevail on a counterfeiting claim); 15 U.S.C. § 1114(1)(a) (prohibiting the unauthorized use of "any reproduction, **counterfeit**, copy, or colorable imitation of a **registered mark** in connection with the sale, offering for sale, distribution).

In this case, Plaintiff has not pled counterfeiting, nor could she. She is not owner or registrant of the Sea-Monkey's trademarks. Plaintiff has admitted that her ownership is derived solely from the registrations, not common law, and for the reasons set forth in BTT's motions *in limine* her claims of ownership of the registered trademarks at issue in this case fails. (Kramer

Dec., ¶¶8-17, Exs. G-K)  Defendant is the beneficial owner of the trademarks.  Thus, because Plaintiff has not and cannot allege counterfeiting, she should not be permitted to imply or argue to the jury that counterfeiting occurred.  Such an accusation would simply inflame and confuse the jury without any concomitant probative value in violation of Federal Rule of Evidence 403.

## CONCLUSION

For all of the foregoing reasons, BTT respectfully requests that the Court deny Plaintiff's motion in *limine* regarding the use of the terms "counterfeit" or "counterfeiting" and instead grant BTT's motion *in limine* to preclude same.

EPSTEIN BECKER & GREEN, P.C.

By:  *s/ Sheila A. Woolson*
Sheila A. Woolson, Esq.
One Gateway Center – 13th Floor
Newark, New Jersey  07102
Telephone: (973) 642-1900
Facsimile: (973) 642-0099
*Attorneys for Defendant Big Time Toys, LLC*

Dated:  April 17, 2017

3