UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                      )
TRANSCIENCE CORPORATION and                           )   Civil Action No. 13 CV 6642
YOLANDA VON BRAUNHUT,                                 )
                                                      )   **DEFENDANT'S OBJECTIONS TO**
              Plaintiffs,                             )   **PLAINTIFF'S PROPOSED JURY**
                                                      )   **INSTRUCTIONS**
-against-                                             )
                                                      )
BIG TIME TOYS, LLC,                                   )
                                                      )
              Defendant/Counterclaimant.              )
                                                      )
------------------------------------------------------x
BIG TIME TOYS, LLC,                                   )
                                                      )
              Third Party Plaintiff,                  )
                                                      )
-against-                                             )
                                                      )
YOLANDA VON BRAUNHUT, JANE                            )
DOES 1-3, and JOHN DOES 1-3,                          )
                                                      )
              Third Party Defendants.                 )
------------------------------------------------------

Defendant Big Time Toys, LLC ("Defendant") hereby responds to the proposed jury instructions submitted by Plaintiff Yolanda von Braunhut" ("Plaintiff")

**Defendant's Objection to Plaintiff's Instruction -- "Infringement-Elements-Presumed Validity and Ownership Registered Trademark (16 USC 1057, 1065 and 1115)**[1]

Defendant objects to this instruction for several reasons. First, the validity of the assignments upon which Plaintiff relies is a question of law for the Court to decide, not the jury. Second, the Court does not need to summarize the terms of the Certificates of Registration for

---

[1] Page 9

the jury. Third, Defendant does not have to prove that Plaintiff intended to deceive anyone in order to show that Plaintiff is not the owner of the registered Sea-Monkeys trademarks; all it needs to show is that Plaintiff is not the owner of the registered marks. Treasury Ent. Sojuzplodoimport v. SPI Spirits, 726 F.3d 62, 72 (2d Cir. 201; Dahon North America, Inc. v. Hon, 2012 U.S. Dist. LEXIS 57510, *22 (C.D.Ca. 2012). See also Hirsch v. Qingdao, 2015 U.S. Dist. LEXIS 28112, **19-20 (E.D.N.Y. 2015) (noting that a complaint based upon a deficient assignment must be dismissed); ID7D Co., Ltd. v. Sears Holding Co., 2012 U.S. Dist. LEXIS 52320, *12 (D.Conn. 2012) (noting that a *nunc pro tunc* assignment cannot correct a standing defect). Because the instruction is incorrect, misleading and not supported by any citations, Defendant believes it should be stricken.

**Defendant's Objection to Plaintiff's Instruction -- "Infringement-Elements-Ownership-Generally"[2]**

Plaintiff's instruction addresses common law trademark ownership. Plaintiff, however, claims ownership of registered marks under 15 USC 1114, not common law. Therefore, an instruction on common law trademark ownership is inappropriate. Moreover, Plaintiff's instruction regarding the "validity" of the Sea-Monkeys trademarks is incorrect. The issue is not whether the trademarks are valid; the issue is whether Plaintiff owns the marks, all of which purport to be registered marks. Plaintiff's alleged use of marks that are registered in the name of another owner does not make her the owner of those marks. Thus, Defendants object to this instruction and believe that it should be stricken.

---

[2] Page 10.

**Defendant's Objection to Plaintiff's Instruction -- "Trademark Ownership—Assignee 15 U.S.C. §1060"[3]**

Defendant objects to the inclusion of the words "or gift" in the definition of assignment. There has been no evidence presented in this case that suggests any purported assignment was a gift.

**Defendant's Objection to Plaintiff's Instruction -- "Trademark Ownership Licensee"[4]**

Defendant objects to this instruction because it does not accurately reflect the parties' relationship. Defendant is not merely a licensee; Defendant is the beneficial and equitable owner of the Sea Monkeys properties.

**Defendant's Objection to Plaintiff's Instruction -- "Punitive Damages"[5]**

Defendant objects to this instruction because punitive damages are not available to Plaintiff under either her claim of trademark infringement or unjust enrichment. Hutton v. Klabal, 726 F. Supp. 67, 73 (S.D.N.Y. 1989) (noting that punitive damages cannot be awarded for matters involving breaches of private contracts or unjust enrichment); M'Baye v. World Boxing Assoc., 2007 U.S. Dist. LEXIS 23173, **12-13 (S.D.N.Y. 2007). Nor are punitive damages available for trademark infringement. Regardless of the type of damage award under trademark statutes, the Court must ensure that it constitutes "compensation, and not a penalty." 15 U.S.C. § 1117(a). The instruction should be stricken.

---

[3] Page 12.

[4] Page 13.

[5] Page 15.

Firm:43248618v1

**Defendant's Objection to Instruction – "Elements of Fraud on the Patent and Trademark Office"[6]**

Defendant objects to this Instruction because it has no basis. Defendant has not alleged that Plaintiff committed fraud on the Patent and Trademark Office. Defendant has stated that Plaintiff's attempts to assign ownership to herself are invalid and as a result, she is not the owner of the marks at issue. Defendant need not prove fraud in order to show this and certainly not by a clear and convincing burden. Defendant objects to this instruction in so far as it refers to Transcience Corp. ("TSC") instead of Plaintiff

**Defendant's Objection to Instruction – "Legal Definition of Fraud"[7]**

Defendant has not alleged that Plaintiff committed fraud on the Patent and Trademark Office. Defendant has stated that Plaintiff's attempts to assign ownership to herself are invalid and as a result, she is not the owner of the marks at issue. Defendant need not prove fraud in order to show this.

**Defendant's Objection to Instruction -- "Determination on the Issue of Willfulness"[8]**

Defendant objects to this Instruction to the extent that it refers to New York common law. Plaintiff's only claim for infringement is under the Lanham Act.

**Defendant's Objection to Instruction -- "General Damages Instruction"[9]**

---

[6] Pages 16-17.

[7] Page 29

[8] Page 20

[9] Page 21.

Defendant objects to this instruction in so far as it refers to TSC instead of Plaintiff. Defendant further objects to the instruction because it is not an accurate recitation of how damages are determined under either trademark law or unjust enrichment.

**Defendant's Objection to Instruction -- "Awarding Compensatory Damages"**[10]

Defendant objects to this instruction in so far as it refers to TSC. Defendant also objects to the extent that the instruction purports to measure damages as "lost royalty earnings and sales" as opposed to lost profits. Profit is determined by deducting all expenses from gross revenue. 9th Circuit Jury Instruction, 15.27. Thus, lost profits must be substituted for "lost royalty earnings and sales." Defendant also objects to the extent that the instruction refers to "trademark infringement" under "New York common law" because Plaintiff has not alleged state common law trademark infringement.

**Defendant's Objection to Instruction -- "Overview of Trademark Claims"**[11]

Defendant objects to this instruction in so far as it refers to TSC. Defendant objects to this instruction because it refers to claims of "unfair competition" under the Lanham Act, "common law trademark infringement and unfair competition and state law trademark." Plaintiff's sole claim is for federal trademark infringement. The instruction also misstates the Defendant's defenses to Plaintiff's claim of infringement, which include that Plaintiff is not the owner of the trademarks at issue.

---

[10] Page 22.

[11] Page 23.

Case 1:13-cv-06642-ER-RLE   Document 188   Filed 04/17/17   Page 6 of 6

Defendant also objects to the extent that Plaintiff has included in the instruction language related to breach of contract given that Plaintiff has abandoned her contract claim.

**Defendant's Objection to Instruction -- "TSC's Claim for Common Law Trademark Infringement and Unjust Enrichment"[12]**

Defendant objects to this Instruction in so far as it refers to TSC. Defendant also objects because the Instruction refers to "common law infringement" under New York state law. Plaintiff has not pled common law trademark infringement. Furthermore, Plaintiff's unjust enrichment claim is not subject to the same standards or burdens of proof as infringement of a federally registered trademark.

For the foregoing reasons, Defendant respectfully requests that the Court conform Plaintiff's jury instructions as set forth above.

Dated:  April 17, 2017                                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_s/ Sheila A. Woolson_
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Sheila A. Woolson, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Jeffrey G. Kramer, Esq. (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Epstein Becker & Green, P.C.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　One Gateway Center – 13th Floor
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Newark, NJ 07102
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (973) 642-1900
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (973) 642-0099

　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Big Time Toys, LLC*

---

[12] Page 25.