UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                                       )
TRANSCIENCE CORPORATION and                            )   Civil Action No. 13 CV 6642
YOLANDA VON BRAUNHUT,                                  )
                                                       )
                                                       )
            Plaintiffs,                                )
                                                       )
-against-                                              )
                                                       )
BIG TIME TOYS, LLC,                                    )
                                                       )
            Defendant/Counterclaimant.                 )
                                                       )
-------------------------------------------------------x
BIG TIME TOYS, LLC,                                    )
                                                       )
            Third Party Plaintiff,                     )
                                                       )
-against-                                              )
                                                       )
YOLANDA VON BRAUNHUT, JANE                             )
DOES 1-3, and JOHN DOES 1-3,                           )
                                                       )
            Third Party Defendants.                    )

---

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO STRIKE DEFENDANT'S EXPERT REPORT-THOMAS JACOBS

---

EPSTEIN BECKER & GREEN, P.C.
Sheila A. Woolson, Esq.
Jeffrey G. Kramer, Esq. (*pro hac vice*)
One Gateway Center, 13th Floor
Newark, New Jersey 07102
(973) 642-1900
*Attorneys for Defendant*
*Big Time Toys, LLC*

Firm:43236166v2

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

      THE COURT SHOULD DENY PLAINTIFF'S MOTION TO EXCLUDE
      MR. JACOB'S REPORT

CONCLUSION ........................................................................................................................ 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Faulkner v. Arista Records, LLC,
   46 F. Supp.3d 365, 376 (S.D.N.Y. 2014) ................................................................................3, 4

Max Impact, LLC v. Sherwood Group, Inc.,
   2014 U.S. Dist. LEXIS 30011 (S.D.N.Y. 2014) ..........................................................................4

Soley v. Wasserman,
   2013 U.S. Dist. LEXIS 20373 (S.D.N.Y. 2013) ..........................................................................5

Washington v. Kellwood Co.,
   105 F. Supp.3d 293, 303 (S.D.N.Y. 2015) .........................................................................2, 3, 4, 5

**Rules**

Federal Rule of Evidence 702 ...........................................................................................................2, 5

Federal Rule of Evidence 705 ..............................................................................................................4

Firm:43236166v2

## PRELIMINARY STATEMENT

Plaintiff Yolanda von Braunhut seeks to exclude the expert report authored by Thomas Jacobs, C.P.A. on behalf of Defendant Big Time Toys, LLC ("BTT"). No basis exists upon which to exclude the report. Mr. Jacobs is clearly qualified to determine the net profit from BTT's sales of Sea Monkeys products; his methodology is sound and based upon BTT's financial statements. His inquiry will be helpful to the jury. The fact that Mr. Jacob's conclusions are not helpful to Plaintiff is neither surprising nor a reason to exclude the report. Rather, the weight and value given to Mr. Jacobs' opinion as set forth in his report, is to be decided by the jury—not Plaintiff. Accordingly, the Court should deny the motion to exclude Mr. Jacob's report.

## STATEMENT OF FACTS

BTT retained Thomas Jacobs, CPA to provide an expert opinion regarding BTT's net profits on the sale of Sea Monkey's products. By letter dated July 25, 2015, BTT provided Plaintiff with a copy of Mr. Jacobs' original report, which included the period from January 1, 2008 through May 31, 2015. (Declaration of Sheila Woolson, Ex. A). The report included Mr. Jacobs' opinions, the data on which he relied and his curriculum vitae. By letter dated July 27, 2015, BTT also provided Plaintiff with the hundreds of pages of underlying documents that had been supplied to Mr. Jacobs[1]. (Id., Ex. B) Plaintiff never sought to depose Mr. Jacobs and never once requested any additional information or documents related to his report[2]. On April 3, 2017, nearly two years later, Plaintiff filed a motion *in limine* seeking to exclude Mr. Jacobs' report,

---

[1] It would appear that Plaintiff's counsel did not review his own files to determine the facts prior to filing this improvident motion.

[2] By email on April 4, 2017, a copy of Mr. Jacob's updated report was provided to Mr. Timmons. The update added the period from June 1, 2015 through December 31, 2016. The report now includes the full calendar years from 2008 through 2016.

Firm:43236166v2

claiming, *inter alia*, that she needed additional documents and information. The Court should deny the motion because it is factually and legally devoid of any support.

## ARGUMENT

### THE COURT SHOULD DENY PLAINTIFF'S MOTION TO EXCLUDE MR. JACOB'S REPORT

Plaintiff correctly recites the requirements for expert testimony under Federal Rule of Evidence 702, but her application and analysis of same in her motion *in limine* to strike the report of Defendant's expert Thomas Jacobs is deeply flawed, and the Court should reject it. The Court has broad discretion regarding "the admission and exclusion of expert evidence." Washington v. Kellwood Co., 105 F. Supp.3d 293, 303 (S.D.N.Y. 2015). To that end the Court considers the: 1) the expert's qualifications; 2) the reliability of the methodology and underlying data used by the expert; and 3) the relevance of the opinions offered. Id. at 304. BTT bears the burden of establishing these elements, but as set forth below BTT can easily satisfy that burden.

Although not entirely clear, it does not appear that Plaintiff is challenging Mr. Jacob's qualifications. Nor could she. As Mr. Jacobs' curriculum vitae, which was attached to his original report when it was provided to Plaintiff, makes clear, Mr. Jacobs has been a Certified Public Accountant for over thirty-two years. The firm that he founded twenty five years ago, Jacobs, Cohen & Associates, PLLC, represents clients nationally and regularly prepares financial statements in accordance with Generally Accepted Accounting Principles ("GAAP") and acts as an outsourced Chief Financial Officer.

Rather it appears that Plaintiff is taking issue with Mr. Jacobs' methodology because he did not perform an audit of BTT's financial statements. That is what is meant by the statement in the report that Plaintiff's quotes in her motion: "Because the agreed upon procedures do not constitute an examination, we do not express an opinion on the underlying financial data...Had

we performed additional procedures, other maters may have come to our attention with would have been included in the report." However, Mr. Jacobs was not retained to perform an audit of BTT's financial records, nor would such an exercise have been relevant to the issues in this case. Moreover, contrary to Plaintiff's statement, his engagement was not "akin to what may be referred to as a compilation". Mr. Jacobs was retained to perform "agreed upon procedures", that is to calculate the net profit from the total sales of Sea-Monkeys products for the period of 2008-2016, an endeavor that is clearly relevant to the claims in this case. Such engagements are customarily memorialized by an "agreed upon procedures" letter that defines the scope of the engagement. Mr. Jacobs followed customary procedures to prepare his report and reach his conclusion.

The Court begins with the presumption that the conclusions of a qualified expert are reliable. Washington, 105 F. Supp. at 305. An expert's methodology need only rest on good grounds, based upon what is known. Faulkner v. Arista Records, LLC, 46 F. Supp.3d 365, 376 (S.D.N.Y. 2014). Even if the expert's assumptions or information is inaccurate, absent bad faith the report is still admissible. Washington, 105 F. Supp. 3d at 306. The alleged inaccuracies go to weight, not admissibility. Id. at 307.

Here Plaintiff does not allege that the information that Mr. Jacobs used was incorrect. Instead she claims that the figures he relied upon require "justification or corroboration". However, the figures were taken from BTT's annual financial statements, product records and margin reports that were provided to Plaintiff, and not surprisingly vary year to year. The fact that Plaintiff does not understand the calculations does not make them arbitrary or capricious. This is particularly true because Plaintiff failed to depose BTT's expert or even timely retain her own expert. Similarly, while Plaintiff now claims that BTT should have produced information

about other products in its portfolio—even though Sea Monkeys are the only products at issue—Plaintiff never requested such information despite having had the report since **July 23, 2015.** [3]

While Plaintiff is correct that BTT inadvertently failed to provide Plaintiff with a list of Mr. Jacobs' publications and testimonies, and his compensation, Plaintiff never complained about it before filing the motion *in limine* and certainly never claimed that he was unable to depose Mr. Jacobs because he did not have the information. To the contrary, if Plaintiff had deposed Mr. Jacobs (or otherwise served discovery with respect to his report) he could have asked for the information during the deposition. BTT's inadvertent omission in no way prejudiced Plaintiff and has since been remedied. (Woolson Dec. Ex. C) Thus, it does not provide a basis upon which to exclude Mr. Jacobs' report. Max Impact, LLC v. Sherwood Group, Inc., 2014 U.S. Dist. LEXIS 30011 (S.D.N.Y. 2014) (collecting cases where an inadvertent non-prejudicial failure to provide some expert disclosures did not warrant preclusion).

Finally, Plaintiff argues that the Court should exclude the report because she disagrees with it and believes providing it to the jury would be prejudicial. This of course is not a basis upon which to exclude an expert report. Rather, the adversarial system itself "provides the necessary tools for challenging reliable, albeit debatable, expert testimony." Washington, 105 F. Supp.3d at 307. (quoting Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 266 (2d Cir. 2002)). See also Faulkner, 46 F. Supp.3d at 376 (stating that expert testimony should be tested by the adversary process, not excluded from the jurors on the fear that they will understand or be able to weigh it); Soley v. Wasserman, 2013 U.S. Dist. LEXIS 20373, *25 (S.D.N.Y. 2013)

---

[3] Plaintiff's citation to FRE 705 is inapposite as states that an expert may have to disclose the facts and data underlying his opinion on cross examination. Plaintiff has not bothered to depose BTT's expert, much less cross-examine him.

4

(noting that the Court can "remind the jury of its role and the limits of expert testimony[.]") Thus, even if Plaintiff's arguments about Mr. Jacobs' report had any merit (and they do not), pursuant to Federal Rule of Evidence 702, the report would still be admissible. Washington, 105 F. Supp.3d at 308.

## CONCLUSION

For the foregoing reasons, BTT respectfully requests that the Court deny Plaintiff's motion to exclude Mr. Jacob's report.

EPSTEIN BECKER & GREEN, P.C.

By: *s/ Sheila A. Woolson*
Sheila A. Woolson, Esq.
One Gateway Center – 13th Floor
Newark, New Jersey 07102
Telephone: (973) 642-1900
Facsimile: (973) 642-0099
*Attorneys for Defendant Big Time Toys, LLC*

Dated: April 17, 2017