UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
─────────────────────────────────── x
                                    :
TRANSCIENCE et al                   :
               Plaintiffs           :   Index No.:   13-cv-6642 (ER)
                                    :
         -versus-                   :
                                    :   Plaintiff's Responses to
BIG TIME TOYS, LLC                  :   Defendant's Proposed
               Defendant            :   Jury Charge
─────────────────────────────────── x
─────────────────────────────────── x
                                    :
BIG TIME TOYS, LLC                  :
               Plaintiffs           :
                                    :
         -versus-                   :
                                    :
TRANSCIENCE et al                   :
               Defendant            :
─────────────────────────────────── x
```

**PLAINTIFF'S RESPONSES to DEFENDANT'S PROPOSED JURY CHARGE**

Plaintiff Yolanda von Braunhut hereby responds to Defendant BTT's proposed jury charge as follows:

**Plaintiff desires the following changes made to Requested Instruction 18 in the Preponderance of Evidence Jury Charge:**

Paragraph 2 of this charge should be amended to read:

"As to Defendant's counterclaim, if the proof should fail to establish any essential element of Defendant's counter claims by a preponderance of the evidence, the jury must find for Plaintiff as to that claim respectively."

**Plaintiff objects to the Inclusion of Requested Instruction 35 Likelihood of Confusion:**

This charge does not belong as there is no dispute that BTT is continuing to sell the Sea-Monkeys® name brand product.

**Plaintiff desires the following changes made to Requested Instruction 40 in the Preponderance of Evidence Jury Charge:**

Plaintiff objects to the wording of this jury charge subject to pending motions that are currently open and before the Court.

**Plaintiff objects to the Inclusion of Requested Instruction 41 Repudiation:**

This charge is improperly worded and is not supported with references and should be excluded.

**Plaintiff objects to the Inclusion of the Requested Instruction 42 *force majeure* Jury Charge:**

Plaintiff has generated a detailed response as to why this jury charge is not appropriate (see Document 176 as entered in ECF).

Plaintiff wishes to add here that Defendant's proposed *force majeure* defense is unnecessary by all accounts.  BTT made it clear in January of 2013 that it was its position that it had already paid amounts in excess of the 5 million dollar Initial Purchase Price.  Yolanda disagreed and terminated or otherwise repudiated the agreement between the parties.  There is therefore no further need to excuse any subsequent performance by BTT.  Such an addon issue can only serve to mislead the jury, confuse the issues, cause delay, waste time, needlessly produce cumulative evidence, visit unfair prejudice, or otherwise interfere with the performance of the trial.

For all these reasons and the reasons stated in the April 9th letter to the Court petitioning the Court to resolve this issue at the April 20th conference this jury charge should be excluded.

**Plaintiff objects to the Inclusion of the Requested Instruction 43 Substantial Performance Jury Charge:**

This charge is not appropriate and should be removed because Plaintiff's issues before the jury are trademark infringement and unjust enrichment.  Both of these are predicated upon a finding by the trier of fact that the agreement between the parties was effectively terminated by the Plaintiff pursuant to the terms of the agreement between the parties.  BTT's defense to the termination of the agreement by Yolanda is that it had paid all the monies required of it at the

time of Yolanda's notice of termination. It would be inherently unjust to permit BTT to claim at this point that it had therefore substantially performed. BTT either had paid ALL amounts due at the alleged effective point of termination or it did NOT.

It is important to note that BTT is presenting that it paid an amount in excess of 5 million dollars (the Initial Purchase Price). Yolanda is presenting that she had received an amount of approximately 3 million dollars. This is a 2 million dollar difference! There is no argument presented by either side suggesting that there may be another dollar amount in-between. To argue that BTT may have substantially complied if the jury finds that BTT did NOT pay ALL amounts due at the effective point of termination would only serve to confuse and mislead the jury.

Furthermore, BTT's counterclaims will ALL fail or, alternately, will ALL succeed depending upon how the trier of fact determines whether or not payments for pouches made to Yolanda for the pouches are not apply to the attainment of the Initial purchase Price. This instruction is therefore not applicable to any claim or counterclaim in the action and should therefore be excluded.

Finally, the 2 million dollar purported difference between the parties negates the applicability of substantial performance on its face without further inquiry.


**Plaintiff desires the definition of "Waiver" to be included next to the Breach of Contract Jury Charge:**

## WAIVER

BTT has claimed that Yolanda breached the agreement between the parties "by failing to timely ship a component of the Sea-Monkeys toys". The legal concept of "waiver" is the renunciation, repudiation, abandonment, or surrender of some claim, or right. Waiver is the passing by of an occasion to enforce a legal right, whereby the right to enforce the same is lost. A common instance of this is where a landlord waives a forfeiture of a lease by receiving rent.

This word is commonly used to denote the declining to take advantage of an irregularity in legal proceedings, or of a forfeiture incurred through breach of covenants in a lease.

See Bennecke v. Insurance Co., 105 U. S. 355, 20 L. Ed. 990; Christensen v. Carleton, 69 Vt 91. 37 Atl. 226; Shaw v. Spencer, 100 Mass. 395, 97 Am. Dec. 107, 1 Am. Bep. 115; Star Brewery Co. v. Primas, 103 111. 652, 45 N. E. 145; Reid v. Field, 83 Va. 26, 1 S. E. 395; Caulfield v. Finnegan, 114 Ala. 39, 21 South. 484; Lyman v. Little ton, 50 N. H. 54; Smiley v. Barker, 83 Fed. 684, 28 C. C. A. 9; Boos v. Ewiug, 17 Ohio, 523, 49 Am. Dec. 478.

Law Dictionary: W Information and Definitions from Black's Law Dictionary

**Plaintiff desires the definition of the "Plain-Meaning Rule" to be included next to the Breach of Contract Jury Charge:**

### PLAIN-MEANING RULE

Plain meaning is a principle used by courts in interpreting contracts that provides that the objective definitions of contractual terms are controlling, irrespective of whether the language comports with the actual intention of either party.

The plain meaning of the contract will be followed where the words used—whether written or oral—have a clear and unambiguous meaning. Words are given their ordinary meaning; technical terms are given their technical meaning; and local, cultural, or Trade Usage of terms are recognized as applicable. The circumstances surrounding the formation of the contract are also admissible to aid in the interpretation.

West's Encyclopedia of American Law, edition 2. Copyright 2008 The Gale Group, Inc. All rights reserved.

**Plaintiff desires the following qualification of its "Punitive Damages" Jury Charge:**

After review of its submissions to the Court it has come to the attention of the Plaintiff that the following reference was not included in support of Plaintiff's Jury Instruction relating to Punitive Damages as contained on page 15 Plaintiff's Proposed jury Charge. Accordingly, Plaintiff requests that the reference be incorporated into that proposed charge.

Regarding degree of reprehensibility and punitive damages generally, *see Philip Morris USA v. Williams*, 549 U.S. 346, 353-54 (2007*), BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *see also Morgan v. Woessner*, 997 F.2d 1244,1256 (9th Cir.1993) ("*Haslip* said that instructions should be fashioned to describe the proper purposes of punitive damages so that the jury understands that punitive damages are not to compensate the plaintiff, but to punish the defendant and to deter the defendant and others from such conduct in the future."). *See also White v. Ford Motor Co.*, 500 F.3d 963, 972 (9th Cir.2007)(holding that trial court's failure to give a "harm to nonparties" instruction violated due process and was reversible error after *Williams*).

Respectfully submitted by:

*s/ William Timmons*
William Timmons, Esq.
25 Candee Ave., Sayville, NY 11782
(631) 750-5980
*Attorneys for Plaintiffs Transcience et al*

Dated: April 17th 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____x
                                :
TRANSCIENCE et al               :
              Plaintiffs        :       Index No.:    13-cv-6642 (ER)
                                :
        -versus-                :
                                :       Plaintiff's Responses to
BIG TIME TOYS, LLC              :       Defendant's Proposed
              Defendant         :       Jury Charge
_____ x
_____ x
                                :
BIG TIME TOYS, LLC              :
              Plaintiffs        :
                                :
        -versus-                :
                                :
TRANSCIENCE et al               :
              Defendant         :
_____ x
```

**CERTIFICATE OF SERVICE**

I hereby certify that on or about April 17th 2017, I caused a true and correct copy of the foregoing **Plaintiff's Responses to Defendant's Proposed Jury Charge** to be filed with the Clerk of the Court for Southern District of New York (**SDNY**) via the Electronic Case Filling (**ECF**) system of the **SDNY** thereby giving service of notice to:

Epstein Becker & Green, P.C.
ATTN:  Sheila A. Woolson & Jeffrey G. Kramer (*pro hac vice*)
One Gateway Center, 13th Floor
Newark, NJ  07102
Tel:  (973) 639-8268
swoolson@ebglaw.com
jkramer@ebglaw.com
*Attorneys for Defendant BTT Big Time Toys, LLC*

By: *s/ William Timmons*
William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
(631) 750-5980
*Attorneys for Plaintiffs Transcience et al*

Dated:  April 17th 2017