**Exhibit #3**



# TRADEMARK AND DOMAIN NAME ASSIGNMENT

Assignment by and between

**Harold von Braunhut**

and

**The Partnership of Harold & Yolanda**

effective October 14th, 2000

with regard to

**Sea-Monkeys®**

executed *nunc pro tunc* March 4th 2016



# TRADEMARK AND DOMAIN NAME ASSIGNMENT

This assignment (the "Assignment") is by and between **Party #1**; Harold von Braunhut ("**HvB**") residing at 6200 Chapmans Landing Road, Indian Head, MD 20640-3040 and **Party #2**; the Partnership of Harold von Braunhut & Yolanda von Braunhut OR Harold & Yolanda ("**H&Y**") with offices located at 6200 Chapmans Landing Road, Indian Head, MD 20640-3040 and is effective as of October 14, 2000 (the "Effective Date").

**WHEREAS**, **HvB** is the owner of certain trademarks identified in **Exhibit A** (the "Trademarks") and of certain domain names also identified in **Exhibit A** (the "Domain Names");

**WHEREAS**, Harold von Braunhut and Yolanda von Braunhut entered into a partnership via oral agreement pursuant to the laws of the State of Maryland on or about the date of October 14, 2000 (**see Exhibit B**);

**WHEREAS**, **HvB** desires to transfer all rights, title, and interest in and to the Trademarks to **H&Y**;

**WHEREAS**, **HvB** desires to transfer all rights, title, and interest in and to the related Domain Names to **H&Y**;

In consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **Trademark Assignment**. **HvB** irrevocably assigns, grants and transfers to **H&Y**, all of **HvB**'s right, title, and interest in and to the Trademarks, including all common law rights, and any trademark registrations and applications, along with the goodwill of the business symbolized by use of the Trademarks, and the right to sue third parties for and recover damages from future infringement of the Trademarks, the same to be held and enjoyed by **H&Y** for its own use and enjoyment and the use and enjoyment of its successors, assigns or other legal representatives, as fully and entirely as the same would have been held and enjoyed by **HvB** if this assignment had not been made (the "Assignment").

To the extent that **HvB** is seeking to perfect the ownership of the Trademarks and **HvB**'s ownership of the Trademarks has not been perfected by the Effective Date, **HvB** agrees to promptly assign ownership of the Trademarks to **H&Y**, in accordance with the terms of this Agreement, as soon as such ownership has been perfected. **HvB** further agrees to take all steps necessary to promptly expedite any perfection of their ownership in and to the Trademarks. **HvB** hereby authorizes the Commissioner of Patents and Trademarks of the United States, and any official of any other country empowered to issue trademark registrations, to record this Assignment, and to issue or transfer said Trademarks to **H&Y** as owner of all right, title and interest therein, or otherwise as **H&Y** may direct, in accordance with the terms of the Assignment.

2. **Domain Names**. Upon the mutual agreement of the Parties, as of the Effective Date, **HvB** shall cause any related Domain Names (including all sub-domains and related URLs)



Assignment, and to issue or transfer said Trademarks to **YvB** as owner of all right, title and interest therein, or otherwise as **YvB** may direct, in accordance with the terms of the Assignment.

    2.    **Domain Names**. Upon the mutual agreement of the Parties, as of the Effective Date of the assignment **YvB**, **H&Y** shall cause any related Domain Names (including all sub-domains and related URLs) to redirect directly to the URLs designated by **YvB** with no interstitial content. As of the Effective Date, **H&Y** hereby transfers to **YvB** **H&Y's** entire right, title and interest to the Domain Names.

    3.    **Execution and Delivery**. Upon **YvB's** request, **H&Y** agrees that it will take such actions and execute such documents (including, without limitation, the prompt execution and delivery of documents in recordable form or testifying as to any material fact or thing and including the transfer of any domain names through appropriate communications with domain name registrars) as may be necessary to vest in and secure unto **YvB** the full right, title and interest in and to the Trademarks and Domain Names and to protect and enforce the Trademarks.

    4.    **Representations and Warranties**. **H&Y** represents and warrants that **H&Y** has the full right to convey the entire right, title and interest herein assigned, and that **H&Y** will not take any action, use any trademark or domain name, or execute any instrument or grant or transfer any rights, title or interests inconsistent with the rights, title and interests assigned herein.

    5.    **Warranty Disclaimer**. **H&Y** MAKES NO WARRANTIES, EXPRESS OR IMPLIED, TO ANY PERSON OR ENTITY WITH RESPECT TO THE TRADEMARKS OR ANY RELATED MATERIALS PROVIDED HEREUNDER, ALL OF WHICH ARE PROVIDED "AS IS," AND DISCLAIMS ALL IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE AND NONINFRINGEMENT.

    6.    **Limitation of Liability**. IN NO EVENT WILL EITHER PARTY BE LIABLE FOR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES ARISING FROM OR RELATED TO THE USE OF THE TRADEMARKS, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

    7.    **Miscellaneous**.

        a. **Modification and Waiver**. The failure of either party to enforce its rights or to require performance by the other party of any term or condition of this Agreement shall not be construed as a waiver of such rights or of its right to require future performance of that term or condition. Any amendment or modification of this Agreement or any waiver of any breach of any term or condition of this Agreement must be in a writing signed by both parties in order to be effective and shall not be construed as a waiver of any continuing or succeeding breach of such term or condition, a waiver of the term or condition itself or a waiver of any right under this Agreement.



b. **Governing Law**. This Agreement shall be governed and interpreted under the laws of the State of New York without regard to the conflicts of law provisions thereof.

c. **Headings**. Headings and captions are for convenience of reference only and shall not be deemed to interpret, supersede or modify any provisions of this Agreement.

d. **Severability**. In the event that any provision of this Agreement shall be determined by a court of competent jurisdiction to be illegal or unenforceable, that provision will be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

e. **Entire Agreement**. Upon execution by both parties, this Agreement shall constitute the entire agreement between the parties with respect to the subject matter hereof and supersedes all discussions, negotiations, agreements and past dealings, either oral or written, between or among the parties relating to the subject matter hereof.

f. **Non-Exclusive Remedies**. The rights and remedies of a party set forth herein are not exclusive, the exercise thereof shall not constitute an election of remedies and the aggrieved party shall in all events be entitled to seek whatever additional remedies may be available in law or in equity.

Each party represents and warrants that it has full right, power and authority to enter into this Agreement and perform all of its obligations hereunder.

IN WITNESS WHEREOF, the parties hereto have each caused this Assignment to be executed by their authorized representatives.

**Party #1; The Partnership of Harold & Yolanda (H&Y)**

Dated: March 4, 2016    Signature: _Yolanda von Braunhut_
Name: Yolanda von Braunhut              (Yolanda von Braunhut, Partner
Title: Partner of Partnership of **H&Y**            of Partnership of H&Y)

**Party #2; Yolanda von Braunhut (YvB)**

Dated: March 4, 2016    Signature: _Yolanda von Braunhut_
Name: Yolanda von Braunhut              (Yolanda von Braunhut)
Title: individual

# EXHIBIT A



## US TRADEMARKS

1) **"SEA-MONKEYS":** USPTO Serial Number: 72161791; USPTO Registration Number: 0769332; Word Mark: **"SEA-MONKEYS"**; was created on: 10-5-1962 [first use]; 9-28-2000 [application filing date]; 9-4-2001 [registration date]

2) **OCEAN ZOO:** USPTO Serial Number: 76137530; USPTO Registration Number: 2509518; Word Mark: **OCEAN ZOO**; was created on: 4-17-1978 [first use]; 9-29-2000 [application filing date]; 11-20-2000 [registration date]

3) **HATCHED EGG DESIGN:** USPTO Serial Number: 72161790; USPTO Registration Number: 769331; For: Packaged Brine Shrimp Eggs in Hatching Mix: Drawing; was created on: 10-5-1962 [first use]; 1-31-1963 [application filing date]; 5-12-1964 [registration date]

## DOMAIN NAMES

[List Domain Names to be transferred (if any)]

www.sea-monkeys.com

## NON-US TRADEMARKS

1) **SEA-MONKEYS:** Country: Spain; Registration Number: 756685M; Application Number: 756685M; Word Mark: **SEA-MONKEYS**

**Exhibit #4**



# TRADEMARK AND DOMAIN NAME ASSIGNMENT

Assignment by and between

**The Partnership of Harold & Yolanda**

and

**Yolanda von Braunhut**

effective November 28, 2003

with regard to

**Sea-Monkeys®**

executed *nunc pro tunc* March 4th 2016

Page 1 of 4

◀☼▶

# TRADEMARK AND DOMAIN NAME ASSIGNMENT

This assignment (the "Assignment") is by and between **Party #1;** the Partnership of Harold von Braunhut & Yolanda von Braunhut **OR** Harold & Yolanda ("**H&Y**") with offices located at 6200 Chapmans Landing Road, Indian Head, MD 20640-3040 and **Party #2**; Yolanda von Braunhut ("**YvB**") residing at 6200 Chapmans Landing Road, Indian Head, MD 20640-3040 and is effective as of November 28, 2003 (the "Effective Date").

**WHEREAS**, **H&Y** is the owner of certain trademarks identified in **Exhibit A** (the "Trademarks") and of certain domain names also identified in **Exhibit A** (the "Domain Names");

**WHEREAS**, Harold von Braunhut and Yolanda von Braunhut entered into a partnership via oral agreement pursuant to the laws of the State of Maryland on or about the date of October 14, 2000 (**see Exhibit B**);

**WHEREAS**, the terms of the partnership between Harold von Braunhut and Yolanda von Braunhut effectively provided that all property of the partnership would pass solely and exclusively to the surviving partner (**see Exhibit B**);

**WHEREAS**, Harold von Braunhut died on the date of November 28, 2003;

**WHEREAS**, **H&Y**, pursuant to the terms of the partnership, desires to transfer all rights, title, and interest in and to the Trademarks to **YvB**;

**WHEREAS**, **H&Y**, pursuant to the terms of the partnership, desires to transfer all rights, title, and interest in and to the related Domain Names to **YvB**;

In consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. **Trademark Assignment**. **H&Y** irrevocably assigns, grants and transfers to **YvB**, all of **H&Y**'s right, title, and interest in and to the Trademarks, including all common law rights, and any trademark registrations and applications, along with the goodwill of the business symbolized by use of the Trademarks, and the right to sue third parties for and recover damages from future infringement of the Trademarks, the same to be held and enjoyed by **YvB** for its own use and enjoyment and the use and enjoyment of its successors, assigns or other legal representatives, as fully and entirely as the same would have been held and enjoyed by **H&Y** if this assignment had not been made (the "Assignment").

To the extent that **H&Y** is seeking to perfect the ownership of the Trademarks and **H&Y**'s ownership of the Trademarks has not been perfected by the Effective Date, **H&Y** agrees to promptly assign ownership of the Trademarks to **YvB**, in accordance with the terms of this Agreement, as soon as such ownership has been perfected. **H&Y** further agrees to take all steps necessary to promptly expedite any perfection of their ownership in and to the Trademarks. **H&Y** hereby authorizes the Commissioner of Patents and Trademarks of the United States, and any official of any other country empowered to issue trademark registrations, to record this



to redirect directly to the URLs designated by **H&Y** with no interstitial content. As of the Effective Date, **HvB** hereby transfers to **H&Y** **HvB's** entire right, title and interest to the Domain Names.

3. **Execution and Delivery**. Upon **H&Y's** request, **HvB** agrees that it will take such actions and execute such documents (including, without limitation, the prompt execution and delivery of documents in recordable form or testifying as to any material fact or thing and including the transfer of any domain names through appropriate communications with domain name registrars) as may be necessary to vest in and secure unto **H&Y** the full right, title and interest in and to the Trademarks and Domain Names and to protect and enforce the Trademarks.

4. **Representations and Warranties**. **HvB** represents and warrants that **HvB** has the full right to convey the entire right, title and interest herein assigned, and that **HvB** will not take any action, use any trademark or domain name, or execute any instrument or grant or transfer any rights, title or interests inconsistent with the rights, title and interests assigned herein.

5. **Warranty Disclaimer**. **HvB** MAKES NO WARRANTIES, EXPRESS OR IMPLIED, TO ANY PERSON OR ENTITY WITH RESPECT TO THE TRADEMARKS OR ANY RELATED MATERIALS PROVIDED HEREUNDER, ALL OF WHICH ARE PROVIDED "AS IS," AND DISCLAIMS ALL IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE AND NONINFRINGEMENT.

6. **Limitation of Liability**. IN NO EVENT WILL EITHER PARTY BE LIABLE FOR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES ARISING FROM OR RELATED TO THE USE OF THE TRADEMARKS, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

7. **Miscellaneous**.

   a. **Modification and Waiver**. The failure of either party to enforce its rights or to require performance by the other party of any term or condition of this Agreement shall not be construed as a waiver of such rights or of its right to require future performance of that term or condition. Any amendment or modification of this Agreement or any waiver of any breach of any term or condition of this Agreement must be in a writing signed by both parties in order to be effective and shall not be construed as a waiver of any continuing or succeeding breach of such term or condition, a waiver of the term or condition itself or a waiver of any right under this Agreement.

   b. **Governing Law**. This Agreement shall be governed and interpreted under the laws of the State of New York without regard to the conflicts of law provisions thereof.



c. **Headings**. Headings and captions are for convenience of reference only and shall not be deemed to interpret, supersede or modify any provisions of this Agreement.

d. **Severability**. In the event that any provision of this Agreement shall be determined by a court of competent jurisdiction to be illegal or unenforceable, that provision will be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

e. **Entire Agreement**. Upon execution by both parties, this Agreement shall constitute the entire agreement between the parties with respect to the subject matter hereof and supersedes all discussions, negotiations, agreements and past dealings, either oral or written, between or among the parties relating to the subject matter hereof.

f. **Non-Exclusive Remedies**. The rights and remedies of a party set forth herein are not exclusive, the exercise thereof shall not constitute an election of remedies and the aggrieved party shall in all events be entitled to seek whatever additional remedies may be available in law or in equity.

Each party represents and warrants that it has full right, power and authority to enter into this Agreement and perform all of its obligations hereunder.

IN WITNESS WHEREOF, the parties hereto have each caused this Assignment to be executed by their authorized representatives.

**Party #1; Harold von Braunhut (HvB)**

Dated: March 4, 2016  
Name: Harold von Braunhut  
Title: individual  

Signature: *Yolanda von Braunhut*  
(Yolanda von Braunhut, as partner, on behalf of Harold von Braunhut)

**Party #2; The Partnership of Harold & Yolanda (H&Y)**

Dated: March 4, 2016  
Name: Yolanda von Braunhut  
Title: Partner of Partnership of **H&Y**  

Signature: *Yolanda von Braunhut*  
(Yolanda von Braunhut, Partner of Partnership of H&Y)

# EXHIBIT A



## US TRADEMARKS

1) <u>"SEA-MONKEYS"</u>: USPTO Serial Number: 72161791; USPTO Registration Number: 0769332; Word Mark: **"SEA-MONKEYS"**; was created on: 10-5-1962 [first use]; 9-28-2000 [application filing date]; 9-4-2001 [registration date]

2) <u>OCEAN ZOO</u>: USPTO Serial Number: 76137530; USPTO Registration Number: <u>2509518</u>; Word Mark: **OCEAN ZOO**; was created on: 4-17-1978 [first use]; 9-29-2000 [application filing date]; 11-20-2000 [registration date]

3) <u>HATCHED EGG DESIGN</u>: USPTO Serial Number: 72161790; USPTO Registration Number: <u>769331</u>; For: Packaged Brine Shrimp Eggs in Hatching Mix: Drawing; was created on: 10-5-1962 [first use]; 1-31-1963 [application filing date]; 5-12-1964 [registration date]

4) <u>SEA-MONKEYS</u>: USPTO Serial Number: <u>76136804</u>; USPTO Registration Number: <u>2485247</u>; Word Mark: **SEA-MONKEYS**; was created on: 10-5-1962 [first use]; 1-31-1963 [application filing date]; 5-12-1964 [registration date]

5) <u>INSTANT LIFE</u>: USPTO Serial Number: <u>72161789</u>; USPTO Registration Number: <u>0769330</u>; Word Mark: <u>INSTANT LIFE</u>; was created on: 10-5-1962 [first use]; 1-31-1963 [application filing date]; 5-12-1964 [registration date]

6) <u>INSTANT PETS</u>: USPTO Serial Number: <u>72456406</u>; Registration Number: <u>999873</u>; Word Mark: <u>INSTANT PETS</u>; was created on: 1969 [first use]; 5-3-1973 [application filing date]; 12-17-1974 [registration date]

7) <u>TC & DESIGN</u>: USPTO Serial Number: <u>72452952</u>; Registration Number: <u>999872</u>; For: Transcience Corporation Logo: Drawing; was created on: 1969 [first use]; 5-3-1973 [application filing date]; 12-17-1974 [registration date]

## DOMAIN NAMES

[List Domain Names to be transferred (if any)]

www.sea-monkeys.com



## NON-US TRADEMARKS

1) **SEA-MONKEYS**: Country: Argentina; Registration Number: 1.744.137; Application Number: 2.211.676; Word Mark: **SEA-MONKEYS**

2) **SEA-MONKEYS**: Country: Australia; Registration Number: 260449; Application Number: 260449; Word Mark: **SEA-MONKEYS**

3) **SEA-MONKEYS**: Country: Canada; Registration Number: TMA630098; Application Number: 1,117,342; Word Mark: **SEA-MONKEYS**

4) **SEA-MONKEYS**: Country: Canada; Registration Number: TMA552029; Application Number: 1,046,688; Word Mark: **SEA-MONKEYS**

5) **SEA-MONKEYS**: Country: European Union; Registration Number: 563155; Application Number: 563155; Word Mark: **SEA-MONKEYS**

6) **SEA-MONKEYS**: Country: France; Registration Number: 1.626.432; Application Number: 248375; Word Mark: **SEA-MONKEYS**

7) **SEA-MONKEYS**: Country: France; Registration Number: 563155; Word Mark: **SEA-MONKEYS (stylized)**

8) **SEA-MONKEYS**: Country: Germany; Registration Number: 899238; Application Number: T1411431WZ; Word Mark: **SEA-MONKEYS**

9) **SEA-MONKEYS**: Country: Italy; Registration Number: 870677; Application Number: 257299RM; Word Mark: **SEA-MONKEYS**

10) **SEA-MONKEYS**: Country: Mexico; Registration Number: 726034; Application Number: 500763; Word Mark: **SEA-MONKEYS**

11) **SEA-MONKEYS**: Country: Mexico; Registration Number: 753394; Application Number: 500762; Word Mark: **SEA-MONKEYS**

12) **SEA-MONKEYS**: Country: New Zealand; Registration Number: 277925; Application Number: 277925; Word Mark: **SEA-MONKEYS**

13) **SEA-MONKEYS**: Country: South Africa; Registration Number: 1972/03452; Application Number: 72/3452; Word Mark: **SEA-MONKEYS**

14) **SEA-MONKEYS**: Country: South Korea; Registration Number: 569293; Application Number: 2002-27346; Word Mark: **SEA-MONKEYS**

15) **SEA-MONKEYS**: Country: Spain; Registration Number: 756685M; Application Number: 756685M; Word Mark: **SEA-MONKEYS**

16) **SEA-MONKEYS**: Country: United Kingdom; Registration Number: 967436; Application Number: 967346; Word Mark: **SEA-MONKEYS (stylized)**

17) **SEA-MONKEYS**: Country: United Kingdom; Registration Number: E563155; Word Mark: **SEA-MONKEYS**